■ In the Matter of HUGH J. GAVIGAN, JR., Respondent, v. THOMAS F. McCOY, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant.—

Reynolds, J. P., Staley, Jr., and Sweeney, JJ., concur; Greenblott and Cooke, JJ., dissent, and vote to remit to Special Term for further proceedings, in the following memorandum: We dissent and hold that there should be a hearing at Special Term. While the performance of duties out-of-title is not to be used as a basis for reclassification (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56, 59), a reclassification which conforms the civil service structure to the realities which obtained in the agency prior to reclassification is valid (*Matter of Mandle* v. *Brown*, 5 N Y 2d 51, 64). In proceedings of this nature, the civil service definition of an employee's duties is determinative, such a rule being inapplicable to the reclassification of employees in unlimited salary grades, the very purpose of which was to recognize and reward them for work actually being performed (*Matter of Mandle* v. *Brown, supra*, p. 62). Paragraph 5 of the petition alleges that, prior to September 1, 1962, the title of Assistant Special Deputy Clerk in the Bronx County Court was "in the unlimited salary category, without limitation of duty by statute or rule, and the duties thereof were as might be assigned by the Chief County Judge". This is denied in the answer. Neither party has included in the record the job description of Assistant Special Deputy Clerk *prior* to reorganization nor proof as to whether or not the duties were without limitation except as assigned by the Chief County Judge, as alleged. The record also lacks a definitive showing as to whether the position had an unlimited salary range. Insofar as the courts have not been

provided with the minimum basis required to permit a review or comparison of the duties of petitioner, as covered by his job description, prior to and after court reorganization, as well as determination of whether or not petitioner was in an unlimited salary grade, a hearing is required (cf. *Matter of Ainsberg* v. *McCoy, supra,* p. 61). The proceedings should be remitted to Special Term for further proceedings.