█ In the Matter of ERNEST K. JONES, Respondent, v. THOMAS F. McCOY, as Administrator of the Judicial Conference of the State of New York, Appellant, and CITY OF NEW YORK, Respondent.— Appeal, by permission, from an order of the Supreme Court at Special Term, entered December 14, 1973 in New York County, which denied appellant's motion to dismiss the petition, in a proceeding pursuant to article 78 of the CPLR, and transferred to the Third Department by order of the Appellate Division, First Department by order dated February 25, 1974. On or about the 26th day of September, 1973, petitioner commenced a proceeding pursuant to CPLR article 78 whereby he sought a judgment directing appellant "to correct, convert and classify petitioner's former titles/positions Library Clerk and Library Clerk* and his present title/position Assistant Librarian* to the position Law Assistant II, retroactively to July 1, 1966 with respect to Library Clerk, and to October 6, 1967 with respect to Assistant Librarian; * * * including adjustments for the differences in pay for both of said titles and the increases provided and paid to persons and positions classified Law Assistant II." Petitioner is employed in the Supreme Court, First Department, having been appointed a Library Attendant on June 12, 1962 and having been promoted to Library Clerk on October 24, 1963, and to Assistant Librarian* on October 6, 1967. He states, that, since November, 1972, he has been assigned full time as a Law Assistant to the Justices of the Appellate Term, Supreme Court, First Department. The petition also alleges that, pursuant to a classification plan adopted in the month of April, 1965, the functions and duties of the title Law Assistant II were specified, and that the functions and duties so specified were the same functions and duties which he had been performing continuously since his promotion to Library Clerk in October, 1963; that, although the Judicial Conference has

---

NOTE: The * annexed to a title indicates that such title would be eliminated from the court's title structure upon the issuance of a new structure.

conducted at least two desk audits and surveys of the Supreme Court Library since its 1966 position classification field study, it has failed and refused to classify, evaluate or convert his former or present titles; that he is entitled to be classified to the title or position which reflects the functions and duties which he has been lawfully performing since October, 1963, which are the same functions and duties which the Judicial Conference specified for the title of Law Assistant II. Appellant moved to dismiss the petition upon the grounds that the petition was not timely brought; that mandamus does not lie to direct the performance of a discretionary act; that there is no allegation of any administrative action which is sought to be reviewed; and for such other and further relief as may be just, proper and equitable. Special Term denied the motion and directed appellant to serve its answer within 10 days after service of a copy of the order, upon a determination that: "Petitioner's papers demonstrate a *prima facie* showing of a failure to reclassify, despite numerous studies and evaluations of his position together with other positions in the Supreme Court Library First Judicial District. It would appear to this court that any designation was made as a temporary measure pending further study and evaluation. [Appellant's] failure to act over the period of the last 7½ years renders proper this proceeding to compel such performance and is timely in view of the continuing wrong which petitioner has alleged in his papers. Moreover, it would also appear that any means of attempting to obtain relief through reclassification pursuant to the Rules of the Administrative Board as [appellant] suggests, would also be futile." On its face, the petition herein sets forth no clear right to the relief sought, that is reclassification to the title of Law Assistant II. Petitioner's present position and title is Assistant Librarian* earmarked for future study and evaluation and possible elimination from the title structure. An examination and comparison of the duties of an Assistant Librarian and of a Law Assistant II reveals that there is absolutely no similarity. At most, petitioner's petition is indicative of the fact that he has been, during the period in question, performing out-of-title work either invalidly imposed upon him or assumed by him. Out-of-title work, that is work performed outside the work prescribed by the job specification of an incumbent for his position, cannot form the basis of a reclassification of his position. Otherwise, a reclassification could be deliberately manipulated by first imposing or assuming new duties and responsibilities, a: thereby avoid the necessity of filling vacancies by promotion by reclassification of the added duties and responsibilities. (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56; *Matter of Goldhirsh* v. *Krone*, 18 N Y 2d 178.) In addition, the petition herein does not disclose any administrative determination relating to classification subject to review, and petitioner has also failed to allege that he has exhausted his administrative remedies. Petitioner's proper remedy is to seek reclassification pursuant to the Rules of the Administrative Board. (*Matter of Kalichstein* v. *McCoy*, 23 N Y 2d 978.) Order reversed, on the law and the facts, and petition dismissed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.