■ In the Matter of PATRICIA DE NEGRES, Respondent, v MICHAEL DE NEGRES, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Nassau County, entered February 19, 1976, which, after a hearing, (1) granted the petitioner wife's application to enforce the provisions for child support contained in a judgment of divorce and (2) denied his application for a downward modification of the said child support provisions. Order reversed, without costs or disbursements, and proceeding remanded to the Family Court for further proceedings in accordance herewith. It appeared at the hearing that the husband's present income was too low to justify the support provisions contained in the judgment of divorce. However, the husband, who appeared *pro se,* was unprepared to prove a change in circumstances. On the record herein, he should be given the opportunity to present such proof at a new hearing. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ In the Matter of LINDA DOWNES, Petitioner, v STEPHEN BERGER, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent Commissioner of the Department of Social Services of the State of New York, dated December 24, 1975 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Department of Social Services of the County of Suffolk to discontinue the grant of public assistance to petitioner in the category of aid to dependent children. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate the grant of assistance in question, retroactively to the date of termination. The determination of the county agency, that it was going to discontinue petitioner's grant of assistance on the ground that she failed to furnish necessary and accurate information, is unsupported by the record (see *Matter of Figueroa v Lavine,* 50 AD2d 562). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.

■ In the Matter of JAMES B. ECKERSON, Respondent, v CHARLES B. ROWE, as Supervisor of the Town of Warwick, et al., Respondents, and WILLIAM A. GILCHRIST, as Commissioner of Personnel of the County of Orange, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel appellant Gilchrist, as Commissioner of Personnel of Orange County, to certify petitioner permanently for the position of Chief of Police of the Town of Warwick, the appeal is from a judgment of the Supreme Court, Orange County, dated September 15, 1975, which, after a hearing, (1) granted the application, (2) denied appellant's cross motion to dismiss the petition and (3) decreed that petitioner is not required to take a further civil service examination in order to qualify as Chief of Police of the Town of Warwick Police Department. Judgment affirmed, without costs or disbursements. Trial Term could properly find that petitioner was first appointed Chief of Police of the Town of Warwick Police Department when the town board created that department in 1962 and that, accordingly, petitioner was exempt from the requirement of taking a further civil service examination to qualify for his position by reason of the provisions of chapter 684 of the Laws of 1934. Gulotta, P. J., Hopkins, Martuscello and Suozzi, JJ., concur.