■ ROBERT PAVONE, Respondent, v HARTLEY W. BARCLAY, JR., as Personnel Officer of the County of Westchester, et al., Appellants.

On May 15, 1979, petitioner Robert Pavone was duly appointed to the position of part-time policeman for the Town of Cortlandt in Westchester County in accordance with the Laws of 1936 (ch 104, § 18, as amended by L 1959, ch 175). Petitioner was subsequently reappointed to that position on January 1, 1980 and again on January 6, 1981. On May 19, 1981, following his successful completion of the competitive examination for the position of court attendant, his title was officially changed to that of "Part-time Patrolman/Court Attendant". It is apparently undisputed that the petitioner was and still is the only year-round law enforcement officer regularly employed by the Town of Cortlandt, and that the position of part-time policeman is a noncompetitive position which is authorized in those towns in Westchester County which do not have police departments established pursuant to the aforementioned Laws of 1936 (ch 104, § 18, as amended by 1959, ch 175).

On January 1, 1982, pursuant to the power granted by Laws of 1936 (ch 104, § 2), the Town Board of Cortlandt resolved to establish a formal police department and, in the purported exercise of its power so to do, appointed the petitioner its sole policeman and chief of the department. The Personnel Officer of the County of Westchester was thereafter duly notified of the appointment, but by letter dated October 25, 1982, he refused to certify the petitioner on the ground, *inter alia,* that his appointment was not in compliance "with either the Civil Service Law * * * or the Special Legislation [L 1936, ch 104] that governs police appointments in various [Town] Police Departments" in Westchester County. The Supreme Court, Westchester County, took a contrary view in granting the within application to compel the Personnel Officer to certify the petitioner's appointment, and this appeal followed.

We now reverse.

It is settled in New York that an incumbent may retain his position without the necessity of taking a competitive examination when his position is reclassified from the noncompetitive to the competitive class of the civil service, provided only that his initial appointment was legal when made (*see, Amico v Erie County Legislature,* 36 AD2d 415, 425, *affd* 30 NY2d 729; *Matter of Jampol v Finegan,* 167 Misc 823, *affd sub nom. Matter of Jampol v Kern,* 254 App Div 733, *affd* 280 NY 659; *Matter of Borrell v County of Genesee,* 73 AD2d 386; *Matter of Kinsella v Kern,* 168 Misc 847, *affd* 254 App Div 834). The foregoing does not pertain where the alleged "reclassification", in reality, operates as a promotion (*see, Matter of Goldhirsch v Krone,* 18 NY2d 178; *Matter of Niebling v Wagner,* 12 NY2d 314; *Matter of Jones*

*v McCoy,* 44 AD2d 742, *affd* 37 NY2d 932; *Matter of Weber v Lang,* 13 AD2d 345, *affd* 11 NY2d 997 *upon the Per Curiam opn at App Div; cf. Matter of Gavigan v McCoy,* 37 NY2d 548). Where, as here, the marked dissimilarity between the job descriptions of the present and former positions, combined with the increased salary, greater prestige, and potential for augmented responsibility attendant the change in title, fairly precludes the conclusion that the two positions are, in fact, the same, the purported "reclassification" can only be regarded as a "promotion", and is barred in the absence of a competitive examination (*see, Matter of Goldhirsch v Krone, supra; Matter of Williams v Morton,* 297 NY 328; *Matter of Weber v Lang, supra; see also, Matter of Gavigan v McCoy,* 30 NY2d 787, *revg* 36 AD2d 563 *on the dissenting opn at App Div). Matter of Eckerson v Rowe* (54 AD2d 964) is not to the contrary, as the decision therein was predicated upon the particular provisions of Laws of 1934 (ch 684, § 3), which provides, *inter alia,* that upon the establishment of a town police force in any county having a population of not less than 160,000 and not more than 190,000 "no person shall be appointed a member of such police force *except chief of police,* unless he shall have passed an examination held by the state civil service commission and unless at the time of his appointment his name shall be on the eligible list of the state civil service commission" (emphasis supplied; McKinney's Uncons Laws of NY § 5813). No comparable provision exists in the case at bar, and there is, therefore, no basis for sustaining the petitioner's appointment as chief of police in the absence, *inter alia,* of his taking and passing a competitive examination for that position. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.