■ JOAN SPEGELE et al., Appellants, v ABRAM C. WILLIAMS, as Commissioner of the Nassau County Department of Recreation and Parks, et al., Respondents.—In an action, *inter alia,* for a judgment declaring the defendants to be in violation of a collective bargaining agreement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winick, J.), dated February 10, 1986, which denied their motion for summary judgment, and, upon searching the record, granted summary judgment in favor of the defendants.

Ordered that the order is modified, on the law, by deleting the provisions thereof which, upon searching the record, granted summary judgment to the defendants; as so modified, the order is affirmed, with costs to the plaintiffs.

The terms of the collective bargaining agreement reflect that the parties intended that part-time employees such as the plaintiffs Spegele, McEntee and Clougher would be entitled to the protections of section 12 of the agreement. Section 12 provides, in pertinent part, that "[a]bility, adaptability and seniority shall prevail insofar as practicable and consistent with the needs of the department, including: (a) promotions in labor and non-competitive jobs; [and] (b) job assignments".

The plaintiffs allege that the defendant Clark, a part-time employee in the same title as theirs, was promoted to full-time duty, in violation of section 12 of the agreement because Clark had less seniority than Spegele, McEntee or Clougher. Although Clark's change from part-time to full-time duties within the same title was not a promotion *(cf., Matter of Williams v Morton,* 297 NY 328, 334; *Pavone v Barclay,* 110 AD2d 758, 760, *affd* 66 NY2d 746; *Matter of Daub v Coupe,* 9 AD2d 260, 265), the change nevertheless was a job assignment within the meaning of section 12 of the agreement. The plaintiffs have raised a triable issue of fact concerning whether Clark's ability and adaptability were superior to the plaintiff employees, as well as whether it was not practicable and consistent with the needs of the particular department to reassign one of the plaintiff employees to full-time duty instead of the defendant Clark *(cf., Brooks v Purcell,* 131 AD2d 620). Accordingly, summary judgment was improperly granted in the defendants' favor.

We further conclude that the enumeration of exclusive benefits in sections 44-3.1 and 44-3.2 of the collective bargain-

ing agreement does not apply to noneconomic benefits such as the seniority protections of section 12.

In view of our determination, we need not consider the plaintiffs' remaining contention. Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.