■ In the Matter of MURAD BEYAH, Appellant, v C. J. SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility finding the petitioner guilty of violating an institutional disciplinary rule, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Herold, J.), entered October 30, 1987, which dismissed the petition for failure to exhaust administrative remedies.

Ordered that the judgment is affirmed, without costs or disbursements.

The doctrine of exhaustion of administrative remedies requires that one first exhaust all available administrative channels before seeking relief in a judicial proceeding pursuant to CPLR article 78 *(see, e.g., Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375). However, the exhaustion doctrine is subject to certain exceptions. Where resort to an administrative remedy would be futile or its pursuit would cause irreparable injury or where the agency's action is being challenged as being unconstitutional or beyond the agency's grant of power, exhaustion of administrative remedies is not required.

The petitioner acknowledges that an appeal of the Superintendent's determination may be made to the Commissioner of Correctional Services (7 NYCRR 254.8) but argues that resort to such procedure would be futile because he will have served his time in the special housing unit before the administrative appeal could be determined. He also contends that his due process claims afford him standing to seek CPLR article 78 relief despite his failure to exhaust all available administrative remedies. We reject the petitioner's contentions. The Commissioner has the power to afford the petitioner adequate relief and nothing in the record indicates that the petitioner's claims have been predetermined *(see, Matter of Grattan v Department of Social Servs.,* 131 AD2d 191, 193). Hence, the petitioner has failed to demonstrate that pursuit of his administrative remedies would be futile.

The petitioner's claim that he was denied due process in the

conduct of the Superintendent's hearing does not raise a valid constitutional issue for purpose of avoiding the exhaustion doctrine *(see, Matter of Dozier v New York City,* 130 AD2d 128, 134-135; *cf., Matter of Hilton v Dalsheim,* 81 AD2d 887). Accordingly, we conclude that the petitioner must first pursue an appeal to the Commissioner before he can challenge the determination in court. Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.