■ JOSE R. ABREU, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant.—Order of the Supreme Court, New York County (Lewis R. Friedman, J.), entered on or about November 23, 1990, which, *inter alia,* denied defendant's cross-motion to dismiss the complaint, is unanimously reversed on the law to the extent appealed from and the cross-motion to dismiss granted, without costs or disbursements.

The New York City Police Commissioner, following an administrative hearing, declared a particular store to be a public nuisance because of illegal gambling conducted therein and ordered that the premises be closed for one year pursuant to Administrative Code of the City of New York §§ 10-155 and 10-156. Plaintiff purportedly became the owner of the store on August 9, 1990 and commenced this action to vacate the closing order and recover monetary damages for the duration of the closure. It is plaintiff's contention that the gambling violations occurred before he assumed occupancy. Defendant New York City Police Department subsequently moved unsuccessfully to dismiss the complaint for failure to exhaust administrative remedies. In that regard, the Police Department has issued regulations under Administrative Code § 10-156 (i) according to which anyone adversely affected by a closure order may attempt to vacate such order by filing a motion with the Police Department, which is then assigned for processing by a Hearing Officer. Plaintiff, however, never availed himself of this procedure.

Between August 8, 1989 and July 31, 1990, there were six arrests on five separate occasions for gambling activities, and five criminal convictions ensued. As a result, the Police Department served a notice of closure, and an administrative hearing was held on September 26, 1990. The Hearing Officer, after taking testimony and reviewing documentary evidence, found the premises to constitute an illegal gambling operation. The lessee, Silvester Baez, had offered as mitigation the recent transfer of the business to plaintiff herein, but the Hearing Officer was unpersuaded. In his view, the proof did not establish that the transfer was a genuine one or that plaintiff was an independent party who could be expected to cease the gambling activities. Indeed, the Hearing Officer noted, plaintiff was affiliated with the business when it had

been utilized for gambling, and he was also the brother of one of the men arrested for gambling. The Police Commissioner adopted the Hearing Officer's recommendation.

It is settled that a person aggrieved by an administrative determination must exhaust all available administrative remedies before maintaining a judicial challenge *(Matter of Doe v Axelrod,* 71 NY2d 484; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371). The fact that plaintiff was not an actual participant in the prior administrative proceeding is irrelevant since, as was the situation herein, so long as he could have availed himself of an administrative remedy, he is precluded from seeking judicial relief before exhausting his administrative options *(see, Watergate II Apts. v Buffalo Sewer Auth., supra; Young Men's Christian Assn. v Rochester Pure Waters Dist., supra).* The exhaustion of remedies doctrine applies to any aggrieved party or litigant who institutes any type of judicial proceeding regardless of whether or not he has personally taken part in the administrative process; the crux of the matter is that he, in fact, have an administrative remedy available to him *(see, Mostafa v Fox Mem. Hosp.,* 159 AD2d 922, *lv dismissed* 76 NY2d 888; *Morgan v New York Racing Assn.,* 72 AD2d 740; *Matter of Jones v McCoy,* 44 AD2d 742, *affd* 37 NY2d 932). Plaintiff, having never moved administratively to vacate the order of closure, may not now maintain the instant action, and the cross-motion for dismissal should have been granted. Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.