■ In the Matter of NAUTILUS LANDOWNERS CORPORATION et al., Appellants, v HARBOR COMMISSION et al., Respondents. STUART GILBERT, Intervenor-Respondent. [648 NYS2d 627] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Harbor Commission of the Village of Mamaroneck, dated November 16, 1993, which, after a hear-

ing, recommended that the Building Inspector of the Village issue to Stuart Gilbert a building permit, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Wood, J.), entered April 6, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners brought this proceeding, *inter alia*, to challenge the recommendation of the Harbor Commission of the Village of Mamaroneck that the Village Building Inspector issue a permit to the intervenor Stuart Gilbert to enable him to attach a seasonal floating dock to Gilbert's existing pier and floating dock. After the proceeding was commenced, the Village Building Inspector issued the permit. While we affirm the Supreme Court's judgment dismissing the proceeding, we do so for a different reason. The petitioners never appealed to the Zoning Board of Appeals of the Village of Mamaroneck from the issuance of the permit. Thus, the petition should have been dismissed for failure to exhaust administrative remedies *(see, Matter of Rattner v Planning Commn.,* 156 AD2d 521, 527; *Haddad v Salzman,* 188 AD2d 515, 517; *Matter of White v Incorporated Vil. of Plandome Manor,* 190 AD2d 854). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.