■ YASMIN MATTHEWS et al., Respondents, and FRANCINY REYES et al., Intervenors-Respondents, v LILLIAM BARRIOS-PAOLI et al., Appellants. [704 NYS2d 259] —Orders, Supreme Court, New York County (Emily Goodman, J.), entered September 29, 1998, which, inter alia, granted plaintiffs' motion for class certification and for a preliminary injunction enjoining defendants from assigning plaintiffs to the Work Experience Program (WEP) before insuring that their assignments do not interfere with their high school education and creating employability plans, and denied the defendants' cross motions for summary judgment dismissing the action, unanimously reversed, on the law, without costs, the cross motions for summary judgment granted, the complaints dismissed, and the preliminary injunction vacated. The court is directed to enter judgment accordingly.

The motion court should have granted defendants' summary judgment motion where plaintiffs failed to exhaust their administrative remedies. The rule of administrative exhaustion is not mandated when an agency's action is challenged as unconstitutional or when resort to an administrative remedy would be futile (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Nevertheless, "[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established" (Matter of Schulz v State of New York, 86 NY2d 225, 232, cert denied 516 US 944). Here, all of the plaintiffs had the option to utilize the conciliation and fair hearing procedures designed to remedy the situations herein. None of the plaintiffs availed themselves of the procedures and, consequently, no factual record of how the WEP assignments impacted plaintiffs' high school educations had been established. There is nothing in the record to conclude that resort to the administrative remedies would have been futile.

We note that the motion court improvidently and prematurely found that irreparable harm existed when plaintiffs had not yet been notified of a loss in benefits, nor used the administrative procedures available. They had not yet been

forced to sacrifice school for their benefits. Therefore, the preliminary injunction was premature. Furthermore, plaintiffs failed to establish the requisites for class action certification (CPLR 901). Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.