■ In the Matter of SCHIAVONE/SHEA/FRONTIER-KEMPER, Respondent, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Appellants. [712 NYS2d 393] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the New York City Department of Environmental Protection dated October 1, 1999, which, among other things, rejected the petitioner's bids on certain contracts, the appeal is from a judgment of the Supreme Court, Queens County (Golia, J.), dated March 10, 2000, which, *inter alia*, granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner challenges a determination of the respondent New York City Department of Environmental Protection to reject all bids on certain public contracts. The petitioner commenced this proceeding without exhausting the administrative remedies available to it under the Procurement Policy Board Rules (*see,* 9 RCNY former 4-04 [a]).

It is well settled that "[a] litigant who seeks to challenge a determination of an administrative agency must exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts" (*Matter of Frumoff v Wing,* 239 AD2d 216, 217; *see also, Capers v Giuliani,* 253 AD2d 630, 633). The Supreme Court improperly determined that the petitioner was not required to exhaust all administrative remedies available to it before commencing the instant proceeding. Although the administrative remedy available to the petitioner under the Procurement Policy Board Rules is couched in permissive, rather than mandatory terms, that did not excuse the petitioner from exhausting the administrative remedies

available to it (see, e.g., *Matthews v Barrios-Paoli,* 270 AD2d 152; *Abreu v New York City Police Dept.,* 182 AD2d 414; *Matter of Beyah v Scully,* 143 AD2d 903). Additionally, although the exhaustion of administrative remedies doctrine is subject to certain exceptions, including where resort to an administrative remedy would be futile or cause irreparable harm to the petitioner (see, *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Parkway Hosp. v Axelrod,* 178 AD2d 644; *Matter of Good Samaritan Hosp. v Axelrod,* 150 AD2d 775), the petitioner failed to establish that any of these exceptions apply in this case. Accordingly, the petition must be denied and the proceeding dismissed (see, *Matter of Crystal Pond Homes v Prior,* 267 AD2d 383; *Matter of Jardim v New York State Pub. Empl. Relations Bd.,* 265 AD2d 329; *Matter of Nautilus Landowners Corp. v Harbor Commn.,* 232 AD2d 418). O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.