■ In the Matter of HOWARD S. PODOLSKY et al., Petitioners, v RANDY A. DANIELS et al., Respondents. [799 NYS2d 917]—

Proceeding pursuant to CPLR article 78 to review a determination of the Department of State of the State of New York, dated August 12, 2003, which, after a hearing, found that the petitioners demonstrated untrustworthiness as real estate brokers, and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative

remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). Because the petitioners failed to exhaust an available administrative remedy (*see* 19 NYCRR 400.2 [k]) or establish that the pursuit of such remedy would have been futile, the petition must be denied and the proceeding dismissed (*see Segalla v Town of Amenia*, 309 AD2d 742 [2003]; *Matter of Welch v New York State Div. of Hous. & Community Renewal*, 287 AD2d 725, 726 [2001]; *Matter of Priester v Dowling*, 231 AD2d 638, 639 [1996]). That the language of 19 NYCRR 400.2 (k) is couched in permissive, rather than mandatory terms, does not excuse the petitioners' failure to exhaust the administrative remedies available to them (*see Matter of Schiavone/Shea/Frontier-Kemper v New York City Dept. of Envtl. Protection*, 274 AD2d 586, 586-587 [2000]). H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.