■ In the Matter of JOHN A. BRUNJES, Appellant, v JOSEPH NOCELLA et al., Respondents. [837 NYS2d 226]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Louis Carnovale, as Chief Building Plan Examiner for the Department of Buildings of the respondent Town of Hempstead, dated January 31, 2006, revoking a building permit, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (McCarty, J.), dated November 22, 2006, which granted the respondents' motion to dismiss the proceeding pursuant to CPLR 3211 (a) (7) and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioner obtained a building permit to alter a building he owned so that it could be used as a check cashing facility. On January 31, 2006 the respondent Louis Carnovale, as Chief Building Plan Examiner for the Department of Buildings of the respondent Town of Hempstead (hereinafter the Examiner), revoked the building permit, citing a "recent field inspection and re-examination of the building application." The notification of revocation explained that the building permit was being revoked both because it was originally issued based upon incorrect and/or incomplete information, and the alterations had not been initiated within the required three-month period from the date of issuance of the building permit. The petitioner commenced this CPLR article 78 proceeding to review that determination. Pursuant to CPLR 3211 (a) (7), the respondents moved to dismiss the petition on the ground that the petitioner failed to exhaust his administrative remedies. The Supreme Court granted the motion and, in effect, dismissed the proceeding. We affirm.

"It is hornbook law that one who objects to the act of an

administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of Podolsky v Daniels*, 21 AD3d 559 [2005]). Here, the record demonstrates that the petitioner failed to seek review of the building permit revocation by the Town of Hempstead Board of Appeals (hereinafter the Board of Appeals) (*see* Town Law § 267-b [1]).

Moreover, the petitioner failed to demonstrate that an exception to the exhaustion of administrative remedies doctrine applies here (*see Watergate II Apts. v Buffalo Sewer Auth., supra*). Contrary to the petitioner's contention, the Examiner who revoked the permit acted under and within the authority of the Department of Buildings of the Town of Hempstead and the Code of the Town of Hempstead (*see* Code of Town of Hempstead §§ 52-3, 86-1, 86-16). Further, the petitioner failed to establish that review of the revocation determination by the Board of Appeals would be futile (*see Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 146 [1995]; *Waterways Dev. Corp. v Lavalle*, 28 AD3d 539, 541 [2006]; *Breezy Point Coop. v City of New York*, 176 AD2d 909, 911 [1991]). Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the proceeding.

The petitioner's remaining contentions are without merit or need not be addressed in light of this Court's determination. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.