■ In the Matter of JOSEPH MURRAY et al., Appellants, v BRIAN DOWNEY et al., Respondents. [852 NYS2d 387]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Chief of Police of the Village of Bronxville dated February 17, 2006, which docked the pay of the petitioner Joseph Murray for one day for an unauthorized use of sick leave, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Cacace, J.), entered November 3, 2006, which granted the respondents' motion to dismiss the petition for the petitioners' failure to exhaust administrative remedies, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to the collective bargaining agreement between the Village of Bronxville and the petitioner Bronxville Police Taylor Act Committee (hereinafter the Committee), the Committee filed a grievance with respect to a determination that the petitioner Joseph Murray was not authorized to use sick leave on May 30, 2005. The petitioners complied with the first three steps of the grievance procedure by filing the grievance successively with the Village Chief of Police, the Village Administrator,

and the Village Board of Trustees. After the grievance was denied by the Village Board of Trustees, the petitioners declined to take the final step of the grievance procedure required by the collective bargaining agreement, which involves submission of the grievance to arbitration. Rather, the petitioners instituted this proceeding pursuant to CPLR article 78.

"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]; *see Matter of Laureiro v New York City Dept. of Consumer Affairs,* 41 AD3d 717 [2007]; *Matter of Dorme v Slingerland,* 41 AD3d 596 [2007]). The petitioners failed to exhaust an available administrative remedy and failed to establish that an exception to the exhaustion of administrative remedies doctrine was applicable (*see Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52 [1978]; *Matter of Brunjes v Nocella,* 40 AD3d 1088 [2007]; *Matter of Podolsky v Daniels,* 21 AD3d 559 [2005]). Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the petition for the petitioners' failure to exhaust their administrative remedies (*see Matter of Ireh v Nassau Univ. Med. Ctr.,* 33 AD3d 702 [2006]).

There is no merit to the petitioners' assertion that they were not required to exhaust their administrative remedies prior to seeking judicial relief, because by docking Murray's pay for one day, the Village Chief of Police imposed a form of "discipline," and thus triggered a right to immediate review. Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.