■ In the Matter of Ethan Mirenberg, Appellant, v Lynbrook Union Free School District Board of Education et al., Respondents. [881 NYS2d 159]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Lynbrook Union Free School District Board of Education dated January 10, 2008, which affirmed a determination of the Superintendent of Lynbrook Schools dated December 11, 2007, adopting the findings and recommendation of a hearing officer dated December 5, 2007, made after a hearing, among other things, that the petitioner was guilty of the disciplinary charges asserted against him, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), entered April 14, 2008, which denied the petition on the ground that he failed to exhaust his administrative remedies and, in effect, dismissed the proceeding without prejudice to the recommencement of the proceeding after the exhaustion of all administrative remedies.

Ordered that the judgment is affirmed, with costs.

"[O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]). "The exhaustion rule, however, is not an inflexible one. It is subject to important qualifications. It need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" (*id.* at 57 [citations omitted]). "A constitutional claim that hinges upon factual issues reviewable at the administrative level must first be addressed to the agency so that a necessary factual record can be established. Further, the mere assertion that a constitutional right is involved will not

excuse the failure to pursue established administrative remedies that can provide the required relief" (*Matter of Dozier v New York City*, 130 AD2d 128, 135 [1987] [citations omitted]; *see Matter of Tasadfoy v Town of Wappinger*, 22 AD3d 592 [2005]; *Matter of Levine v Board of Educ. of City of N.Y.*, 173 AD2d 619, 620 [1991]).

Although the petitioner appealed the determination of the Lynbrook Union Free School District Board of Education to the Commissioner of the New York State Education Department (*see* Education Law § 310) on February 8, 2008, that administrative appeal has not yet been resolved. The petitioner thus failed to exhaust an available administrative remedy. He also failed to establish that an exception to the exhaustion of administrative remedies doctrine was applicable (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *Matter of Murray v Downey*, 48 AD3d 817 [2008]; *Matter of Brunjes v Nocella*, 40 AD3d 1088 [2007]). Accordingly, the Supreme Court properly, in effect, dismissed the proceeding without prejudice on the ground that the petitioner failed to exhaust his administrative remedies (*see Matter of Murray v Downey*, 48 AD3d 817 [2008]; *Matter of Brunjes v Nocella*, 40 AD3d 1088 [2007]).

The petitioner's remaining contentions need not be reached in light of our determination. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.