■ In the Matter of CHRISTOPHER CASTILLO, Appellant, v TOWN OF OYSTER BAY et al., Respondents. [893 NYS2d 885]—In a proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated November 7, 2008, which, after a hearing, recommended that a charge of misconduct against the petitioner be sustained and that his employment with the respondent Department of Public Works of the Town of Oyster Bay be terminated, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Brandveen, J.), dated June 16, 2009, which granted the respondents' motion to dismiss the proceeding on the ground, inter alia, that the petitioner failed to exhaust his administrative remedies, and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted that branch of the respondents' motion which was to dismiss the proceeding due to the petitioner's failure to exhaust his administrative remedies by pursuing administrative review procedures the respondents made available (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Murray v Downey*, 48 AD3d 817, 818 [2008]). The petitioner's contention that pursuit of those procedures would have been futile is improperly raised for the first time in this Court (*see Matter of Panetta v Carroll*, 62 AD3d 1010 [2009]). Dillon, J.P., Miller, Eng and Roman, JJ., concur.