■ In the Matter of Dennis White, Appellant, v Rocco Pozzi, Respondent. [898 NYS2d 894]—Proceeding pursuant to CPLR article 78 to review (a) a determination of Rocco Pozzi, Commis-

sioner of the Westchester County Department of Corrections, dated December 10, 2007, which confirmed a determination of a hearing officer dated December 7, 2007, made after a disciplinary hearing, finding the petitioner guilty of violating institutional rules and imposing a penalty, and (b) a determination of a hearing officer dated January 3, 2008, made after a disciplinary hearing, finding the petitioner guilty of violating institutional rules and imposing a penalty.

Adjudged that the determination dated December 10, 2007, is confirmed, that branch of the petition which is to review that determination is denied, and that portion of the proceeding is dismissed on the merits, without costs or disbursements; and it is further,

Adjudged that the branch of the petition which is to review the determination dated January 3, 2008, is denied, and that portion of the proceeding is dismissed, without costs or disbursements.

Contrary to the petitioner's contentions, the determination dated December 10, 2007, which confirmed a determination of a hearing officer dated December 7, 2007, is supported by substantial evidence (see Matter of Garcia v Fischer, 63 AD3d 835 [2009]; Matter of Adamson v Barto, 37 AD3d 597 [2007]). Accordingly, we confirm the determination dated December 7, 2007, deny that branch of the petition which is to review that determination, and dismiss that portion of the proceeding on the merits. Moreover, the petitioner failed to exhaust his administrative remedies with respect to the determination dated January 3, 2008, and he failed to demonstrate that an exception to the exhaustion requirement applies (see Matter of Murray v Downey, 48 AD3d 817 [2008]; Matter of Podolsky v Daniels, 21 AD3d 559 [2005]; Matter of Beyah v Scully, 143 AD2d 903 [1988]). Accordingly, we deny that branch of the petition which is to review that determination, and dismiss that portion of the proceeding.

The petitioner's remaining contentions are either unpreserved for appellate review, not properly raised on this appeal, or without merit. Covello, J.P., Florio, Miller and Eng, JJ., concur.