In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York City Department of Health and Mental Hygiene dated October 22, 2007, made after a hearing, that the petitioner violated New York City Health Code (24 RCNY) former §§ 3.11 and 11.66, and imposed a fine in the total sum of $500, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Markey, J.), dated December 18, 2008, which granted the respondents’ motion to dismiss the petition on the ground that he failed to exhaust his administrative remedies and, in effect, dismissed the proceeding.
Ordered that the order and judgment is affirmed, without costs or disbursements.
The petitioner received a notice of violation from the New York City Department of Health and Mental Hygiene (hereinafter DOHMH), citing him for violations of, inter alia, New York City Health Code (24 RCNY) former §§ 3.11 and 11.66. After a hearing was held before a DOHMH hearing examiner, these two violations were sustained and the petitioner was fined the total sum of $500. The petitioner did not pursue further administrative remedies, and instead commenced the instant proceeding. The respondents moved to dismiss the petition for failure to exhaust administrative remedies. The Supreme Court granted the motion and, in effect, dismissed the proceeding. We affirm.
“[0]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law” (Watergate II Apts, v *634 Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; see Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ., 63 AD3d 943 [2009]). “The exhaustion rule, however, is not an inflexible one. It is subject to important qualifications. It need not be followed, for example, when an agency’s action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury” (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 57 [citations omitted]).
As the petitioner properly concedes, he failed to exhaust his administrative remedies since he did not appeal the determination of the hearing examiner to the DOHMH Review Board (hereinafter the Review Board) (see New York City Health Code [24 RCNY] former § 7.13; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 57; Matter of Castillo v Town of Oyster Bay, 70 AD3d 939 [2010]; Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ., 63 AD3d at 943). Contrary to the petitioner’s contention, he failed to demonstrate that he would have suffered an irreparable injury had he complied with the condition imposed by New York City Health Code (24 RCNY) former § 7.13 (c) that required him to pay the fine or post a cash or surety bond in the full amount of the fine before he could appeal the hearing decision to the Review Board (see New York City Health Code [24 RCNY] former § 7.13 [c]; see generally Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ., 63 AD3d at 943; Matter of Murray v Downey, 48 AD3d 817, 818 [2008]). Furthermore, the petitioner’s contentions that pursuit of the administrative appeal process would have been futile and that the DOHMH’s actions were either unconstitutional or wholly beyond its grant of power are improperly raised for the first time in this Court (see Matter of Castillo v Town of Oyster Bay, 70 AD3d 939 [2010]).
The petitioner’s remaining contentions are without merit.
Accordingly, the Supreme Court properly, in effect, dismissed the proceeding on the ground that the petitioner failed to exhaust his administrative remedies (see Watergate II Apts, v Buffalo Sewer Auth., 46 NY2d at 57; Matter of Castillo v Town of Oyster Bay, 70 AD3d at 939; Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ., 63 AD3d at 943). Mastro, J.R, Covello, Belen and Hall, JJ., concur.