Matter of Courtenay v Graziano (2019 NY Slip Op 04937)





Matter of Courtenay v Graziano


2019 NY Slip Op 04937


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-09705
 (Index No. 7694/15)

[*1]In the Matter of John Courtenay, appellant,
v
Peter Graziano, Jr., etc., et al., respondents.


Sussman and Associates, Goshen, NY (Jonathan R. Goldman and Michael H. Sussman of counsel), for appellant.
Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Brian D. Nugent of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Philip Valastro, as Mayor of the Village of Chester, dated July 10, 2015, denying, as untimely, the petitioner's application for a hearing and further evaluation of a determination of Peter Graziano, Jr., as Chief of Police of the Village of Chester, dated June 15, 2015, denying his application for benefits pursuant to General Municipal Law § 207-c, the petitioner appeals from a judgment of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated July 7, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, a police officer employed by the respondent Village of Chester, has not worked since May 26, 2015, due to an alleged work-related injury. On June 14, 2015, the petitioner applied for benefits pursuant to General Municipal Law § 207-c. The respondent Peter Graziano, Jr., as the Chief of Police of the Village of Chester (hereinafter the Chief), denied the petitioner's application in a letter dated June 15, 2015, on the ground of untimeliness and, alternatively, on the merits. The petitioner received the Chief's denial letter on June 18, 2015. Thereafter, the respondent Philip Valastro, as the Mayor of the Village of Chester (hereinafter the Mayor), denied the petitioner's request for a hearing and further evaluation of the denial of his application for benefits. The basis for the Mayor's denial was that the petitioner's request for a hearing and further evaluation was made more than 10 days after the petitioner received the Chief's determination on June 18, 2015, which violated the time requirements set forth in Appendix C, section 11 of the governing collective bargaining agreement between the Village of Chester and the Village of Chester Police Benevolent Association (hereinafter the CBA).
In October 2015, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the denial of his General Municipal Law § 207-c application and to compel an award of benefits. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
General Municipal Law § 207-c requires certain municipal employers to continue to [*2]pay salary or wages to police officers who sustain a disability in the course of their employment (see Matter of LaPerche v City of Peekskill, 162 AD3d 665, 667). The statute is remedial in nature and intended to provide a benefit to law enforcement personnel and, as such, is to be construed liberally in favor of such personnel (see Matter of White v County of Cortland, 97 NY2d 336, 339; Matter of Mashnouk v Miles, 55 NY2d 80, 88; Matter of Crawford v Sheriff's Dept., Putnam County, 152 AD2d 382). While the statute does not provide a procedure for applying for benefits thereunder, a benefits application process may be the subject of collective bargaining (see Matter of LaPerche v City of Peekskill, 162 AD3d at 667).
"Judicial review of an administrative determination that is not made as a result of a hearing held pursuant to direction by law, such as a determination denying an application for disability benefits pursuant to General Municipal Law § 207-c, is limited to the question of whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of LaPerche v City of Peekskill, 162 AD3d at 667, quoting CPLR 7803[3]; see Matter of Tancredi v Town of Harrison/Vil. of Harrison Police Dept., 72 AD3d 832, 833-834). Such a review "is limited to the grounds presented by the agency at the time of its determination" (Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 678; see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758). "A determination is arbitrary and capricious if it lacks a rational basis" (Matter of LaPerche v City of Peekskill, 162 AD3d at 667).
"The procedures that must be followed in applying for benefits pursuant to General Municipal Law § 207-c may be the subject of collective bargaining" (id.). Here, Appendix C, section 4 of the CBA provides that an application for benefits pursuant to General Municipal Law § 207-c shall be deemed "untimely" unless it is received by the Chief within 10 days after the employee's disability, injury or sickness occurs, or within 10 days after it was discovered or should have been discovered. Section 4 also provides that the Chief may, in the exercise of discretion, excuse the failure to file a timely application if there is a showing of good cause for the untimeliness and the employer is not prejudiced by the delayed filing. Where, as here, the application for benefits is denied, Appendix C, section 11, permits the employee, within 10 days after receiving the denial, to serve a written demand upon the Mayor for "a hearing and further evaluation of the application."
Unlike section 4, which vests the Chief with discretionary authority to entertain untimely applications for General Municipal Law § 207-c benefits upon considerations of good cause and lack of prejudice, section 11 vests the Mayor with no corresponding discretion when a written demand for a hearing and further evaluation is untimely.
A person aggrieved by an administrative determination must exhaust all available administrative remedies before seeking court intervention (see Matter of Doe v Axelrod, 71 NY2d 484, 490; Abreu v New York City Police Dept., 182 AD2d 414, 415). While section 11 of the CBA, by providing that the employee "may serve a written demand on the Mayor for a hearing and further evaluation of the application," is couched in permissive rather than mandatory terms, the petitioner is not excused from exhausting the administrative remedies available to him (see Matter of Schiavone/Shea/Frontier-Kemper v New York City Dept. of Envtl. Protection, 274 AD2d 586). Here, the CBA provisions governing an application for benefits pursuant to section 207-c of the General Municipal Law are clear. After an initial denial of benefits, they permit, but do not require, an employee to seek a hearing and further evaluation of the application from the Mayor. Thus, the employee "may" serve a written demand for such hearing and further evaluation. Logically, however, if the employee intends to pursue a challenge to the initial denial, he or she must do so by filing the written demand upon the Mayor within 10 days after receiving the decision denying benefits (see Matter of Elliott v City of Binghamton, 94 AD2d 887, 889, affd 61 NY2d 920). The use of the word "may" in section 11 simply affords the employee the choice between seeking further review from the Mayor or accepting the Chief's denial of benefits (see Local 771, I.A.T.S.E., AFL-CIO v RKO Gen., Inc. WOR Div., 546 F2d 1107, 1116 [2d Cir]).
The Mayor's denial of the petitioner's demand for a hearing and further evaluation as untimely was not rendered in violation of lawful procedure, was not affected by an error of law, and was not arbitrary or capricious or an abuse of discretion. The Mayor, upon his examination of [*3]the Chief's denial letter dated June 15, 2015, and the certified mail return receipt indicating the petitioner's receipt of the letter on June 18, 2015, correctly determined that the demand for a hearing dated July 9, 2015, was untimely pursuant to section 11 of the CBA, and he had no discretionary authority to find otherwise (see Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d 739, 740).
In light of our determination, we need not address the petitioner's remaining contentions.
Accordingly, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court