Matter of Carmona v Village of Spring Val. (2024 NY Slip Op 03821)

Matter of Carmona v Village of Spring Val.

2024 NY Slip Op 03821

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-00239
 (Index No. 33730/20)

[*1]In the Matter of Manuel Carmona, appellant,
v
Village of Spring Valley, et al., respondents.

Charny & Wheeler P.C., Rhinebeck, NY (H. Joseph Cronen and Nathaniel K. Charny of counsel), for appellant.
Harris Beach PLLC, White Plains, NY (Christopher H. Feldman, Darius P. Chafizadeh, and Allison B. Fiut of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Village of Spring Valley Board of Trustees dated June 2, 2020, which adopted in part and rejected in part the findings and recommendation of a hearing officer dated March 13, 2020, made after a hearing, found the petitioner guilty of misconduct and insubordination, and thereupon demoted him from his position as Deputy Building Inspector to the position of Assistant Building Inspector and suspended him without pay for 60 days, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated January 13, 2021. The order and judgment, insofar as appealed from, granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner commenced this CPLR article 78 proceeding to review a determination of the respondent Village of Spring Valley Board of Trustees imposing disciplinary penalties pursuant to Civil Service Law § 75. The respondents moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. The petitioner, inter alia, opposed the respondents' motion as untimely. In an order and judgment dated January 13, 2021, the Supreme Court, among other things, granted the respondents' motion on the ground that the petitioner failed to exhaust his administrative remedies and dismissed the proceeding. The petitioner appeals.
The only argument raised by the petitioner before the Supreme Court in opposition to the respondents' motion to dismiss the petition was that the motion was untimely. The petitioner does not raise that argument on appeal. Because the contentions raised by the petitioner on appeal concerning the exhaustion of administrative remedies do not present pure questions of law appearing on the face of the record that could not have been avoided if raised at the proper juncture, they are improperly raised for the first time on appeal and are not properly before this Court (see Matter of Ray v County of Suffolk, 204 AD3d 807; Matter of Castillo v Town of Oyster Bay, 70 AD3d 939). Accordingly, we affirm the order and judgment insofar as appealed from.
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court