■ In the Matter of CL & F DEVELOPMENT, LLC, Appellant, v SUSAN K. JAROS, as Town Clerk of Town of Amherst, Respondent. [869 NYS2d 829]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking "default approval" for a proposed cul-de-sac subdivision in the Town of Amherst (Town). Petitioner applied for final plat approval for the subdivision from the Town Planning Board (Planning Board). Based upon the Planning Board's alleged failure to act upon that application within the time limits set forth in Town Law § 276 and section 5-4 of the Town's Subdivision Regulations, petitioner sought a "Certificate of Default Approval" from respondent. On that same day, the Planning Board denied petitioner's application for final plat approval. Contrary to petitioner's contention, Supreme Court properly dismissed the petition inasmuch as the court lacked personal jurisdiction over respondent based on improper service of process. It is undisputed that the order to show cause was personally served only upon an Assistant Town Attorney and that no further attempt at service was made (*see* CPLR 308).

Even assuming, arguendo, that service upon the Town is sufficient in this proceeding against respondent solely in her capacity as a town official, we conclude in any event that personal service upon an Assistant Town Attorney is insufficient to effect service upon the Town (*see Matter of Marcoccia v Suffolk County Bd. of Elections*, 309 AD2d 958, 959 [2003]). Pursuant to CPLR

311 (a) (5), "[p]ersonal service upon a [town] shall be made by delivering the summons . . . to the supervisor or the clerk." Finally, we note that it is of no moment that process was served in accordance with the directives set forth in the order to show cause. "The courts of this State have consistently required strict compliance with the statutory procedures for the institution of claims against the State and its governmental subdivisions, and where the Legislature has designated a particular public officer for the receipt of service of process, [the courts] are without authority to substitute another" (*Matter of Franz v Board of Educ. of Elwood Union Free School Dist.*, 112 AD2d 934, 934-935 [1985], *lv denied* 67 NY2d 603 [1986]; *see Matter of Eldor Contr. Corp. v Town of Islip*, 277 AD2d 233, 234 [2000]).

We have considered petitioner's remaining contentions and conclude that they are moot in light of our determination. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.