# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**778**

**CA 13-02155**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ROBERT PUCHALSKI,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

DEPEW UNION FREE SCHOOL DISTRICT AND BOARD
OF EDUCATION OF DEPEW UNION FREE SCHOOL
DISTRICT, RESPONDENTS-RESPONDENTS.

---

ARTHUR P. SCHEUERMANN, GENERAL COUNSEL, SCHOOL ADMINISTRATORS
ASSOCIATION OF NEW YORK STATE, LATHAM (A. ANDRE DALBEC OF COUNSEL),
FOR PETITIONER-APPELLANT.

HARRIS BEACH PLLC, BUFFALO (TRACIE L. LOPARDI OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered May 9, 2013 in a proceeding pursuant to CPLR article 75. The order, among other things, granted respondents' motion to dismiss the petition.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: In this proceeding pursuant to CPLR article 75, petitioner appeals from an order that granted respondents' pre-answer motion to dismiss the petition. Although we agree with petitioner that Supreme Court erred in dismissing the petition as time-barred, we conclude that the court properly granted the motion on the alternative ground that petitioner's service of the petition was defective. We therefore affirm.

Petitioner was employed by respondents as an administrator for over 17 years and as the elementary school principal since 2003. Petitioner was granted tenure effective September 2003. On February 28, 2012, respondents served petitioner with 21 charges of, inter alia, "misconduct, immoral character and/or conduct unbecoming a principal," such as improperly using district finances, stealing services by using business hours to make lengthy personal telephone calls to two former female employees, and being frequently absent from school without an excuse and without notifying the proper people. Petitioner requested a hearing pursuant to Education Law § 3020-a and a hearing was held over six days, concluding on October 23, 2012.

On January 15, 2013, the Hearing Officer (HO) issued a decision that, inter alia, imposed a penalty of termination. The HO emailed that decision to the attorneys for the parties on January 15, 2013, and the State Education Department (SED) received the HO's decision from the HO on January 16, 2013. The SED then mailed the HO's decision to the parties on January 22, 2013. Petitioner received that mailing the following day, and he filed a petition seeking an order vacating the decision of the HO pursuant to CPLR 7511 on February 1, 2013.

In lieu of answering, respondents filed a pre-answer motion to dismiss the petition on the grounds that the proceeding was not timely commenced under Education Law § 3020-a (5) and that the court lacked personal jurisdiction over respondents because the notice of petition and petition were not properly served. In support of the motion, respondents submitted the affidavit of a payroll clerk employed by respondent Depew Union Free School District (District), who was assigned to work at the District's business office. The payroll clerk averred that she was responsible for gathering payroll information from "all non-instructive employees," calculating their salaries, and processing payroll through the District's computer system. The payroll clerk further averred that she was not authorized to accept service of legal papers on behalf of respondents, and that on February 5, 2013 at approximately 3:15 p.m. she was at her desk in the District's business office when a man carrying a large box with notes labeled "district clerk" told the payroll clerk that he had a box for the "district clerk or the superintendent." The payroll clerk told the man that the District's administrative offices were at a different location, but the man indicated that he did not have to give the box to the District's Superintendent or to the District Clerk, and that he would leave the box with her. The payroll clerk averred that she told the man her name and that she was responsible for payroll services, and that the man who delivered the papers never asked her whether she was authorized to accept service of the papers.

There is no dispute that the man at issue was petitioner's process server, or that the box contained the petition. Indeed, petitioner opposed the motion through a cross motion in which he, inter alia, sought a "judgment dismissing the motion . . . and granting the relief demanded in the . . . [p]etition." In support of the cross motion, petitioner submitted an affidavit of his process server, who indicated that he served the petition on the payroll clerk. According to the process server, at the time he served the petition, he informed the payroll clerk that he had papers for the District Clerk or the Superintendent. The payroll clerk indicated that neither the District Clerk nor the Superintendent was available, and she advised the process server that she was the payroll clerk. The process server nevertheless served the petition on the payroll clerk given his belief that "she was the clerk for the [S]chool [D]istrict."

As noted, the court granted the motion on both the filing and service grounds. The court determined that the petition was not timely filed pursuant to Education Law § 3020-a (5) inasmuch as the

petition was not filed within 10 days of petitioner's receipt of the HO's decision from the HO via email.  The court further determined that petitioner's service of the petition was defective inasmuch as there was no evidence that the "payroll clerk was a designated school officer of the [District]."

The propriety of the court's determination that the petition was not timely filed turns on the interpretation of Education Law § 3020-a (4) and (5).  Pursuant to section 3020-a (4) (a), "[t]he hearing officer shall render a written decision within [30] days of the last day of the final hearing, or in the case of an expedited hearing within [10] days of such expedited hearing, and shall forward a copy thereof to the commissioner who shall immediately forward copies of the decision to the employee and to the clerk or secretary of the employing board."  Section 3020-a (4) (b) provides that "[w]ithin [15] days of receipt of the hearing officer's decision the employing board shall implement the decision.  If the employee is acquitted he or she shall be restored to his or her position with full pay for any period of suspension without pay and the charges expunged from the employment record."  Finally, section 3020-a (5) (a) provides that, "[n]ot later than [10] days after receipt of the hearing officer's decision, the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to [CPLR 7511]."

" 'The primary consideration of courts in interpreting a statute is to "ascertain and give effect to the intention of the Legislature" ' (*Riley v County of Broome*, 95 NY2d 455, 463 [2000], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a] at 177; *see Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]), and ' "we turn first to the plain language of the statute[] as the best evidence of legislative intent" ' (*Matter of Stateway Plaza Shopping Ctr. v Assessor of City of Watertown*, 87 AD3d 1359, 1361 [2011], quoting *Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 568 [2004])" (*New Yorkers for Constitutional Freedoms v New York State Senate*, 98 AD3d 285, 291-292, *lv denied* 19 NY3d 814).  Moreover, "[i]t is well settled that '[a] statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine the legislative intent' . . . Furthermore, '[e]ach section of a legislative act must be considered and applied in connection with every other section of the act, so that all will have their due, and conjoint effect' . . . To determine the intent of a statute, 'inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision' " (*New York State Psychiatric Assn., Inc. v New York State Dept. of Health*, 19 NY3d 17, 23-24).

Against that background, we conclude that the phrase "receipt of the hearing officer's decision" in Education Law § 3020-a (5) (a) refers to the receipt of such decision from the SED.  We thus reject respondents' contention that section 3020-a provides that the 10-day period in which to appeal runs from the receipt of the HO's decision by email, not the receipt of the HO's decision through mail sent by

the SED. Rather, we agree with petitioner that, by concluding that the 10-day period to appeal commenced upon petitioner's receipt of the HO's decision by email, the court rendered the notification process contained in Education Law § 3020-a (4) superfluous. Section 3020-a (4) (a) addresses posthearing procedures, requiring that an HO forward his or her decision following a hearing to the Commissioner of Education, who in turn is charged with immediately forwarding copies of the decision to the affected employee and to the clerk or secretary of the employing board. Section 3020-a (5) (a) then addresses the issue of an appeal from an HO decision, establishing the 10-day appellate window that is at issue here. We cannot conclude that the legislature would structure the distribution of the notice of an HO decision such that the Commissioner of Education (and, by natural extension, the SED) is to notify an educator of such determination and then create a period in which to challenge an HO decision that could begin to run before the entity charged with providing notice to an affected educator of an HO decision has actually given such notice. We thus conclude that the court erred to the extent it determined that the petition is time-barred (*cf. Matter of Awaraka v Board of Educ. of City of N.Y.*, 59 AD3d 442, 443).

We nevertheless affirm the order, however, because we agree with the court that petitioner's service of the petition was defective. The decision of the Second Department in *Matter of Franz v Board of Educ. of Elwood Union Free Sch. Dist.* (112 AD2d 934, *lv denied* 67 NY2d 603) is instructive. There, "[t]he notice of petition was personally delivered to [the] respondent [Board of Education]'s secretary," whom the Second Department concluded was "not a 'school officer' as set forth in . . . Education Law [§ 2 (13)]" (*id.* at 935). In support of that conclusion, the Second Department noted that "[t]he courts of this State have consistently required strict compliance with the statutory procedures for the institution of claims against the State and its governmental subdivisions, and where the Legislature has designated a particular public officer for the receipt of service of process, we are without authority to substitute another" (*id.* at 934-935; *see Matter of CL & F Dev., LLC v Jaros*, 57 AD3d 1468, 1469). We likewise conclude here that the payroll clerk employed in the District's business office was not a "school officer" under the Education Law.

Pursuant to CPLR 311 (a) (7), "[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons . . . upon a school district, to a school officer, as defined in the education law." Education Law § 2 (13) defines the term school officer as "a clerk, collector, or treasurer of any school district; a trustee; a member of a board of education or other body in control of the schools by whatever name known in a union free school district, central school district, central high school district, or in a city school district; a superintendent of schools; a district superintendent; a supervisor of attendance or attendance officer; or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system."

Although Education Law § 2 (13) refers to "a clerk," we conclude that the payroll clerk at issue here is not "a clerk" within the meaning of that section.  We note that Education Law § 2130 is entitled "Clerk, treasurer and collector in union free school district," and it provides, inter alia, for the appointment of an "individual as clerk of the board of education of such district" (§ 2130 [1]).  Sections 2 and 2130 of the Education Law were enacted at the same time (*see* L 1947, ch 820) and, in reading those sections together (*see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 97, Comment), we conclude that the reference to a singular clerk in section 2130 (1) must apply to section 2 (13), such that there cannot be more than one person who is "a clerk" of the school district.  We thus conclude that the payroll clerk was not eligible to be served with process as "a clerk" under section 2 (13).

All concur except SMITH, J.P. and PERADOTTO, J., who concur in the result in the following Memorandum:  We concur in the result reached by the majority, i.e., that Supreme Court properly dismissed the petition in this CPLR article 75 proceeding.  We write separately, however, because we respectfully disagree with the majority's conclusion that the petition was timely filed.  We instead agree with the trial court that the petition was untimely inasmuch as it was not filed within "ten days after receipt of the hearing officer's decision" (Education Law § 3020-a [5] [a]).

As the majority notes, petitioner was employed by respondents as an administrator for over 17 years and as the elementary school principal since 2003, when he was granted tenure.  On February 28, 2012, respondents filed formal disciplinary charges against petitioner, and petitioner requested a hearing pursuant to Education Law § 3020-a.  Following the hearing, the Hearing Officer (HO) sustained the charges against petitioner and determined that termination was the appropriate penalty.  The HO issued his decision on January 15, 2013, and emailed it to the parties on the same date.  That evening, respondent Board of Education of Depew Union Free School District adopted a resolution to terminate petitioner's employment.  By letter dated January 16, 2013, respondent Depew Union Free School District (District) notified petitioner that it was implementing the penalty imposed by the HO and that petitioner's employment with the District was terminated effective January 15, 2013.  Petitioner received the District's letter on January 17, 2013.  The HO also mailed a copy of his decision to the State Education Department (SED), which received the decision on January 16, 2013.  The SED then mailed a copy of the decision to the parties on January 22, 2013.  Petitioner's attorney received the mailing from the SED on January 23, 2013.

On February 1, 2013, petitioner commenced this CPLR article 75 proceeding seeking to vacate the HO's decision and, on February 5, 2013, a process server hired by petitioner served the notice of petition and petition upon a payroll clerk employed by the District in its business office.  In lieu of answering, respondents filed a pre-answer motion to dismiss the petition on the grounds that the court lacked personal jurisdiction over respondents based upon improper

service of process and that the proceeding was not timely commenced under Education Law § 3020-a. The court granted the motion, concluding both that the petition was not timely filed pursuant to Education Law § 3020-a (5) and that petitioner's service of the petition was defective because there was no evidence that the "payroll clerk was a designated school officer of the [District]."

We agree with the majority's conclusion that the court properly dismissed the petition for lack of personal jurisdiction based on improper service of process, and thus concur in the result. We disagree with the further conclusion of the majority, however, that the court erred in determining that the proceeding is time-barred.

Education Law § 3020-a sets forth disciplinary procedures for, inter alia, tenured teachers and administrators. As relevant here, subdivision (4) of section 3020-a governs post-hearing procedures, and subdivision (5) governs appeals from a hearing officer's determination. With respect to post-hearing procedures, Education Law § 3020-a (4) (a) provides that "[t]he hearing officer shall render a written decision within [30] days of the last day of the final hearing, . . . and shall forward a copy thereof to the commissioner [of education of the State of New York] who shall immediately forward copies of the decision to the employee and to the clerk or secretary of the employing board" (see § 2 [5]). Section 3020-a (4) (b) provides that "[w]ithin [15] days of receipt of the hearing officer's decision the employing board shall implement the decision." With respect to appeals, section 3020-a (5) (a) states that, "[n]ot later than [10] days after receipt of the hearing officer's decision, the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to [CPLR 7511]."

The issue here is whether "receipt" as used in Education Law § 3020-a (5) (a), which governs the timeliness of appeals, is limited to receipt of the decision from the commissioner via the procedure set forth in section 3020-a (4) (a), or whether "receipt" encompasses other means of delivery, such as the HO's email transmission to the parties in this case. Petitioner asserts, and the majority agrees, that the language "receipt of the hearing officer's decision" in section 3020-a (5) refers to the receipt of the decision *from the SED* as set forth in section 3020-a (4). We disagree.

It is well settled that "[t]he primary consideration of courts in interpreting a statute is to 'ascertain and give effect to the intention of the Legislature' " (*Riley v County of Broome*, 95 NY2d 455, 463, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a], at 177), and that "the words of the statute are the best evidence of the Legislature's intent" (*id*.). " '[A] court cannot amend a statute by inserting words that are not there,' . . . [and] 'an inference must be drawn that what is omitted or not included was intended to be omitted and excluded' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394, *rearg denied* 85 NY2d 1033). Thus, "[w]here . . . a statute is clear, a court should not attempt to cure an omission in the statute by supplying what it believes should

have been put there by the Legislature" (*Matter of Daniel C.*, 99 AD2d 35, 41, *affd* 63 NY2d 927; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 363, Comment).

Here, although section 3020-a (4) (a) of the Education Law provides that a hearing officer "shall forward" a copy of his or her decision to the SED, which in turn "shall immediately forward" copies of the decision to the employee and the employing board, the statute does not state that such procedure is the *only* method of notifying the parties of a hearing officer's decision.  In order to accept the restrictive definition of "receipt" advanced by petitioner and adopted by the majority, we would have to insert language into the statute by construction.  Specifically, we would have to read the statute as stating that "[n]ot later than [10] days after receipt of the hearing officer's decision [*from the commissioner*], the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer" (§ 3020-a [5] [a]).  In our view, had the legislature intended to limit receipt of the decision for purposes of measuring the time to appeal in subdivision (5) (a) to receipt from the SED as required in subdivision (4) (a), it could easily have done so by inserting the above italicized language.

Contrary to the assertion of petitioner, we conclude that allowing receipt of the decision from someone other than the commissioner does not render the notice provisions in section 3020-a (4) (a) of the Education Law superfluous.  Those provisions ensure that there is a procedure by which the parties are certain to receive the HO's decision, but such procedure is not the only permissible method of providing notice of the decision.  We further note that the SED has an independent interest in receiving notice of disciplinary determinations involving school personnel inasmuch as it is "charged with the general management and supervision of all public schools and all of the educational work of the state" (§ 101; *see* § 305 [2] [commissioner of education "shall have general supervision over all schools and institutions which are subject to the provisions of this chapter"]).

Finally, although not necessary to our analysis, we note that the legislative history of the statute supports our conclusion (*see generally Riley*, 95 NY2d at 463; *New Yorkers for Constitutional Freedoms v New York State Senate*, 98 AD3d 285, 294-295, *lv denied* 19 NY3d 814).  Prior to 1994, Education Law § 3020-a hearings were conducted by a three-member hearing panel (*see* former § 3020-a [3] [a]; Governor's Program Bill Mem, Bill Jacket, L 1994, ch 691 at 8). After the hearing, the commissioner was required to forward a report of the hearing, including the hearing panel's findings and recommendations, to the parties (*see* former § 3020-a [4]), who could appeal those recommendations to the commissioner or bring a special proceeding pursuant to CPLR article 78 (*see* former § 3020-a [5]). After 1994, section 3020-a was amended to provide that hearings were, in most cases, to be conducted by a single hearing officer, and that the hearing officer's decision was a final determination appealable only pursuant to CPLR article 75 (*see* § 3020-a [3] [a], [b]; [5], as

amended by L 1994, ch 691, § 3; Governor's Program Bill Mem, Bill Jacket, L 1994, ch 691 at 7; Letter from State Educ Dept, Aug. 2, 1994 at 18, L 1994, ch 691).  In lieu of requiring the commissioner to send the parties a copy of the panel's recommendation, the amendment directed the commissioner to send the parties a copy of the hearing officer's decision (*see* § 3020-a [4], as amended by L 1994, ch 691, § 3).  We thus submit that the requirement that the decision be sent first to the commissioner and thereafter sent by the commissioner to the parties is a vestige of the former statute, which gave the commissioner the authority to review section 3020-a decisions, and does not suggest that the only proper method of notice to the parties of a hearing officer's decision is from the commissioner.

It is undisputed that petitioner received the HO's decision via email on January 15, 2013, and that he did not commence this CPLR article 75 proceeding until February 1, 2013, more than 10 days after receipt of the HO's decision.  We therefore conclude that the court properly dismissed the petition on the additional ground that the proceeding was not timely commenced pursuant to Education Law § 3020-a.

Entered:  July 11, 2014                        Frances E. Cafarell
                                               Clerk of the Court