■ In the Matter of COUNTIES OF WARREN AND WASHINGTON INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents, v VILLAGE OF HUDSON FALLS BOARD OF HEALTH et al., Appellants.—Mikoll, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered February 9, 1990 in Washington County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of respondent Village of Hudson Falls Board of Health ordering a cessation of the construction of the Adirondack Resource Recovery Project on the ground of nuisance.

This is another controversy growing out of the conflict over the construction of a waste recovery facility site in the Village of Hudson Falls, Washington County.* The questions presented on this appeal are (1) whether the determination of respondent Village of Hudson Falls Board of Health (hereinafter the Board) was a final one (CPLR 7801 [1]) for purposes of permitting CPLR article 78 review by Supreme Court and, if not, whether administrative remedies were exhausted, (2) whether Supreme Court properly annulled the determination of the Board because of the appearance of impropriety in the hearings, and (3) whether the Board properly considered Federal regulations *(see,* 6 NYCRR 370.1 [e]; 371.1 [e]) regarding spills of polychlorinated biphenyls (hereinafter PCBs; *see,* 40 CFR part 761) enacted pursuant to 15 USC § 260, the Toxic Substances Control Act, in determining the existence of the nuisance. The questions are answered in the affirmative.

Petitioner Counties of Warren and Washington Industrial Development Agency own the property upon which the waste recovery facility (hereinafter the project) is being constructed and it will own the project upon its completion. Petitioner Adirondack Resource Recovery Associates is engaged in the construction and operation of the project. From 1984 to 1988 the village supported the project and twice participated in litigation to uphold it *(Matter of Citizens for Clean Air v New York State Dept. of Envtl. Conservation,* 135 AD2d 256, *lv*

---

* *See, Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency* (164 AD2d 469).

*dismissed and lv denied* 72 NY2d 853; *Matter of Congdon v Washington County,* 130 AD2d 27, *lv denied* 70 NY2d 610). However, the 1988 village election saw the election of opponents of the project, including the Mayor and the majority of the Village Board of Trustees; consequently, the village became an adversary of the project. Accordingly, in January 1989, the village retained attorney Lewis B. Oliver, Jr. as a special counsel to advise the village regarding the project. Following the discovery of the presence of PCBs at the project, the Board had an order to show cause, issued under provisions of the Public Health Law and the State Sanitary Code, served on the "owners, agents or occupants of the Adirondack Resource Recovery facility construction property" which sought an explanation of why the site should not be declared a public nuisance and a health hazard. The Board also directed that in the interim construction at the site cease. Oliver was appointed Hearing Officer for hearings held on November 6 and 14, 1989 before the Board.

Upon the conclusion of the hearings, the Board found the site a public nuisance and ordered the owners and/or operators of the property to, *inter alia,* conduct a further investigation of PCB contamination of the site and to report their findings to the Board. Petitioners thereafter commenced the instant CPLR article 78 proceeding to annul the determination of the Board. Supreme Court granted the petition and this appeal by respondents ensued.

On the initial procedural question, petitioners correctly maintain that the Board's determination is final and, even if it were not final, that exhaustion of remedies before the Board would be futile since the Board and its attorney have clearly demonstrated by their prior attempts to halt the project *(Matter of Citizens for Clean Air v New York State Dept. of Envtl. Conservation, supra; Matter of Congdon v Washington County, supra)* that petitioners are not likely to receive an unbiased review from the Board *(see, Matter of Fahey v Perales,* 141 AD2d 934, 935; *Love v Grand Temple Daughters,* 37 AD2d 363, 365-366). Respondents' argument that petitioners have a remedy under Public Health Law § 309 (5) is rejected. This section applies only after a penalty has been imposed. While the determination here threatens the imposition of penalties should petitioners fail to comply with it, no penalties have as yet been imposed.

We also reject respondents' argument that the order is not final because it is not self-executing. Pursuant to 10 NYCRR 8.3 (c), the Board must issue an order upon the owner or

occupant of premises deemed a nuisance directing the abatement thereof. Here the Board's determination directs that the work cease and further investigation take place. It thus is self-executing. Finally, we find no merit to respondents' contention that petitioners have a remedy at law because of the availability of a postdeprivation remedy. The line of cases cited by respondents for their conclusion are not applicable to this situation.

Turning to the merits, Supreme Court properly annulled the Board's determination because of the appearance of impropriety. A party is "entitled to unprejudiced decision-making by an administrative agency" *(Matter of Warder v Board of Regents,* 53 NY2d 186, 197, *cert denied* 454 US 1125; *Matter of Reisner v Board of Regents,* 142 AD2d 22, 29). Here, there is a lengthy and well-known past and present history of the Hearing Officer's steadfast opposition to the project under review which creates the appearance of impropriety demonstrating a clear bias on his part. That the Board supervised and participated in the hearing conducted by the Hearing Officer does not remove that appearance of impropriety.

Finally, we find no merit in petitioners' argument that the Board improperly considered Federal regulations concerning PCB spills described in 40 CFR part 761. The Board did not attempt to enforce Federal regulations or the State Sanitary Code, which would be improper *(see, Matter of New York State Coalition of Pub. Employees v New York State Dept. of Labor,* 60 NY2d 789, 791; *People v Harris Corp.,* 104 AD2d 130, 133, *lv denied* 64 NY2d 1019), but merely referred to them for guidance.

We conclude that the matter should be remitted to the Board for a new hearing and determination free of the impropriety demonstrated herein *(see, Matter of Wayering v County of St. Lawrence,* 140 AD2d 838).

Judgment modified, on the law, without costs, by remitting the matter to respondent Village of Hudson Falls Board of Health for a new hearing, and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.