■ DICK'S QUARRY, INC., et al., Appellants, v TOWN OF WARWICK, Respondent. [739 NYS2d 464] —In an action for a judgment declaring that Local Law No. 6 of 2000 of the Town of Warwick "effected an unconstitutional, uncompensated and de facto taking of the plaintiffs' property in violation of the New York State and United States Constitutions," the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 5, 2001, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint and directed the entry of a judgment declaring the rights of the parties.

Ordered that the order is affirmed, with costs.

The gravamen of the single cause of action alleged in the complaint was that the enactment of Local Law No. 6 of 2000 of the Town of Warwick, which rezoned a number of properties from manufacturing to agricultural, deprived the plaintiffs of their "reasonable and legitimate investment expectations" in violation of their constitutional due process rights by precluding the recommencement of mining activities in the dormant quarry located on their land. However, until the plaintiffs apply for a variance from the Zoning Board of Appeals of the Town of Warwick (hereinafter the ZBA), their claims are not

ripe for review (see *Matter of Wedinger v Goldberger,* 71 NY2d 428, 439-440; *Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 283; *Petosa v City of New York,* 135 AD2d 800, 802-803). While the plaintiffs subjectively believe that such application would be futile, their unsupported beliefs do not satisfy their heavy burden of proof. Rather, assuming that the plaintiffs are able to dispel the health concerns about the mining of materials possibly containing asbestos, any application for a variance will presumably receive due consideration. Until the plaintiffs have completed the supplemental environmental review process and have given the ZBA a chance to exercise its discretion, their claims are premature.

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.