■ MANHATTAN TOTAL HEALTH & MEDICAL DIAGNOSTIC, P.C., et al., Respondents, v OXFORD HEALTH PLANS, Appellant. [843 NYS2d 574]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 12, 2007, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment with respect to the first and second causes of action, unanimously affirmed, with costs.

The court did not err in declining to compel plaintiffs to exhaust their administrative remedies, in light of the affirmative defenses and counterclaims challenging the propriety of all monies paid or due to plaintiffs (*see e.g. Ludwig v NYNEX Serv. Co.*, 838 F Supp 769, 781 [SD NY 1993] [decision to require exhaustion of administrative remedies is an assessment of whether it is *fair* to require the dismissal of the claimant's suit pending compliance with administrative procedures]). Exhaustion is not required where a claimant is unlikely to receive an unbiased review (*Matter of Counties of Warren & Washington, Indus. Dev. Agency v Village of Hudson Falls Bd. of Health*, 168 AD2d 847, 849 [1990]).

The issue whether plaintiffs intentionally waived or failed to collect coinsurance and deductibles could not be resolved as a matter of law, and defendant has offered no basis for overturn-

ing that determination. We have considered defendant's remaining arguments and find them unavailing. Concur—Lippman, P.J., Tom, Marlow, Gonzalez and Malone, JJ.