■ SUBDIVISIONS, INC., et al., Respondents, v TOWN OF SULLIVAN et al., Appellants. [926 NYS2d 772]—

The relevant facts are more fully set forth in our prior decision (*Subdivisions, Inc. v Town of Sullivan*, 75 AD3d 978 [2010]). Briefly, this declaratory judgment action involves a protracted zoning dispute regarding plaintiffs' entitlement to nonconforming use status for an 80-acre parcel of land (hereinafter the subject parcel) owned by plaintiff Subdivisions, Inc. and located on County Route 23, commonly known as Quarry Road, in the Town of Sullivan, Madison County. Historically, Subdivisions' predecessors in interest mined the subject parcel, which lies on the east side of Quarry Road, as well as another parcel, which lies on the west side of Quarry Road. Although the western parcel has been mined continuously since the 1800s, mining operations on the subject parcel ceased around the turn of the century.

In 2004, plaintiff J.B. Quarry, Inc. applied for a mining permit for the subject parcel, which was granted by the Department of Environmental Conservation in 2006. In the midst of various (and ultimately unsuccessful) CPLR article 78 proceedings, plaintiffs commenced this declaratory judgment action seeking, among other things, a declaration that they were entitled to nonconforming use status for the subject parcel and, hence, defendant Town of Sullivan's zoning regulations governing mining operations were void as against them. Following joinder of issue, plaintiffs moved for summary judgment, the Town cross-moved to dismiss and defendant Town of Sullivan Zoning Board of Appeals moved to intervene. Supreme Court granted the motion to intervene but otherwise denied the requested relief. Upon plaintiffs' appeal, we affirmed.

Following our decision, defendants separately moved to dismiss this action, each asserting that plaintiffs had failed to exhaust their administrative remedies. Supreme Court denied their respective motions and scheduled a fact-finding hearing concluding, among other things, that plaintiffs demonstrated an exception to the exhaustion requirement. This appeal by defendants ensued.[1]

The crux of defendants' argument on appeal is that the underlying declaratory judgment action should be dismissed based upon plaintiffs' failure to exhaust their administrative

---

1. Supreme Court thereafter granted defendants a stay of the hearing pending appeal.

remedies. Specifically, defendants contend that plaintiffs need only apply for a "[c]ertificate of [n]on-conformity," submit such proof as they deem appropriate to the Town's Zoning Enforcement Officer and await his or her decision as to their entitlement to a "relaxation" of the Town's zoning law. Should a favorable decision not be forthcoming, the argument continues, plaintiffs may then appeal to the Zoning Board of Appeals. Such procedure, defendants assert, affords plaintiffs a viable avenue of administrative relief—an avenue that they may not short-circuit by prematurely commencing an action for declaratory judgment. This argument, in our view, misconstrues both the nature of the relief sought by plaintiffs and the relevant case law.

As a starting point, we note that "[t]he requirement of exhaustion of administrative remedies assumes that adequate relief may be obtained under the [challenged zoning] ordinance" (*Polak v Kavanah*, 48 AD2d 840, 840 [1975])—an assumption that is very much in doubt in the matter now before us. Further, "[a]lthough a court *may* dismiss a declaratory judgment action in a proper exercise of discretion, the mere existence of other adequate remedies does not *mandate* dismissal" (*Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 140-141 [1995] [emphasis added]; *see* CPLR 3001) and, given the particular facts of this case, we perceive no abuse of Supreme Court's discretion here. Finally, although plaintiffs' entitlement to nonconforming use status ultimately entails a factual determination—namely, whether plaintiffs can "establish specific actions constituting an overt manifestation of [their] intent to utilize the [subject] property for the ascribed purpose at the time the [Town's] zoning ordinance became effective" (*Buffalo Crushed Stone, Inc. v Town of Cheektowaga*, 13 NY3d 88, 98 [2009]), we agree with Supreme Court that such an inquiry is best addressed in the context of a declaratory judgment action. Thus, for these reasons alone, we would affirm Supreme Court's order.

However, even accepting, for the sake of argument, that defendants have appropriately characterized the nature of the relief sought by plaintiffs, that the purported certificate of nonconformity is a document actually contemplated by the Town's zoning law and for which plaintiffs indeed could apply[2] and further, that there are certain—albeit unidentified—provi-

---

**2.** Plaintiffs assert that the certificate of nonconformity is a work of fiction, and we note that although the Town's zoning law addresses "nonconforming situations" (*see* Town of Sullivan Zoning Law, art V, § 2), it contains no express reference to either the purported certificate of nonconformity or any

sions in the Town's zoning law that would afford plaintiffs a legitimate opportunity to submit proof in support of their assertion that they have a constitutionally protected right to mine the subject parcel, the record before us makes abundantly clear that requiring plaintiffs to pursue the asserted administrative remedy would be an exercise in futility, thereby demonstrating a recognized exception to the exhaustion requirement (*see e.g. Town of Oyster Bay v Kirkland*, 81 AD3d 812, 815 [2011], *appeal dismissed* 17 NY3d 778 [2011]). Throughout the course of this litigation, defendants have consistently demonstrated their opposition to plaintiffs' desired use of the subject parcel and, indeed, have thwarted each and every attempt that plaintiffs have made to engage in mining operations thereon. Under these circumstances, even assuming that a valid administrative review process exists, it is readily apparent that plaintiffs are unlikely to receive an unbiased evaluation from defendants (*see Matter of Counties of Warren & Washington, Indus. Dev. Agency v Village of Hudson Falls Bd. of Health*, 168 AD2d 847, 848 [1990]; *compare Matter of Brunjes v Nocella*, 40 AD3d 1088, 1089 [2007]; *Waterways Dev. Corp. v Lavalle*, 28 AD3d 539, 541 [2006]; *Matter of Grattan v Department of Social Servs. of State of N.Y.*, 131 AD2d 191, 193 [1987], *lv denied* 70 NY2d 616 [1988]). Defendants' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

corresponding application or review process (*compare* Town of Sullivan Zoning Law, art V, § 1 [procedure governing special use permits]).