■ TIMOTHY BEST, Appellant, v STATE OF NEW YORK, Respondent. [939 NYS2d 159]—

Rose, J.

The Court of Claims correctly dismissed the false arrest cause of action because the evidence at trial established that claimant was neither arrested nor charged in connection with his possession of the rings. Rather, claimant was arrested for the theft of the license plates and various violations of the Vehicle and Traffic Law, and he does not dispute that there was probable cause to arrest him on that basis. Although the evidence demonstrated that accusatory instruments were drafted for felonies related to the rings, claimant was not arraigned on them and he failed to

establish that they were ever filed in any court (*see* CPL 100.05). Accordingly, no judicial proceeding was commenced against him, and his malicious prosecution cause of action must also fail (*see Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *Kinge v State of New York*, 79 AD3d 1473, 1479 [2010]).

Finally, claimant contends that the State Police defamed him by releasing information published in two brief newspaper articles stating that, in addition to his arrest on the Vehicle and Traffic Law and license plate charges, he was also charged with grand larceny and possession of stolen diamond rings. At trial, he testified that the State Police had informed the Town Justice of the felony informations in open court at his arraignment, and the Town Justice had then advised him that he would be separately arraigned on those charges three days later in the Town Court where the rings had allegedly been stolen. Claimant presented no testimony, however, to show that the State Police had published the statements regarding the proposed felonies anywhere other than in open court, and we must agree with the Court of Claims that any such statements made in open court were absolutely privileged (*see Martirano v Frost*, 25 NY2d 505, 507 [1969]; *Adamski v Romano-Schulman*, 56 AD3d 1078, 1079 [2008]; *Cavallaro v Pozzi*, 28 AD3d 1075, 1077 [2006]).

Mercure, A.P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.