■ EAST END RESOURCES, LLC, Respondent, v TOWN OF SOUTHOLD PLANNING BOARD et al., Appellants. [26 NYS3d 79]—

In a hybrid action, inter alia, to recover damages for violation of constitutional rights pursuant to 42 USC § 1983, and proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the Town of Southold Planning Board to conduct a public hearing pursuant to Town Law § 274-a (8) on the plaintiff/petitioner's site plan application, the appeal is from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 30, 2013, which denied the motion of the Town of Southold Planning Board, Town of Southold Town Board, Town of Southold Planning Department, and Town of Southold Town Clerk for summary judgment dismissing the third, fifth, sixth, seventh, and eighth causes of action.

Ordered that the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the appellants' motion which were for summary judgment dismissing the third, fifth, seventh, and eighth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified the order is affirmed, with costs to the appellants.

In 2002, the plaintiff/petitioner East End Resources, LLC (hereinafter East End), entered into a contract of sale to purchase approximately 6.75 acres of real property (hereinafter the parcel) located in the Hamlet of Southold. Shortly after the contract of sale was executed, the Town of Southold Town Board (hereinafter the Town Board) enacted a moratorium precluding all residential site plan approvals. After the moratorium expired, East End submitted a site plan application to the Town of Southold Planning Board (hereinafter the Planning

Board), seeking approval for the construction of a 24-unit senior housing development on the parcel, which is in the Hamlet's business zoning district. Subsequently, on October 21, 2008, East End submitted an amended site plan application.

East End commenced this hybrid action and proceeding, alleging that the Planning Board, Town Board, Town of Southold Planning Department, and Town of Southold Town Clerk (hereinafter collectively the appellants) deliberately and systematically delayed review of its site plan application. In the third cause of action, East End sought relief pursuant to CPLR article 78 in the nature of mandamus to compel the Planning Board to conduct a public hearing on its application pursuant to Town Law § 274-a (8). In the fifth through eighth causes of action, East End sought to recover damages for the violation of its due process and equal protection rights under both the United States and the New York State Constitutions. The appellants moved for summary judgment dismissing the third and the fifth through eighth causes of action, and the Supreme Court denied the motion.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the fifth through eighth causes of action, made on the ground that those causes of action were not ripe for judicial review. "To determine whether a matter is ripe for judicial review, it is necessary 'first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied' " (*Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn.*, 71 AD3d 679, 681 [2010], quoting *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519 [1986]). "The concept of finality requires an examination of the completeness of the administrative action and a pragmatic evaluation of whether the 'decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury' " (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d at 519, quoting *Williamson County Regional Planning Comm'n v Hamilton Bank of Johnson City*, 473 US 172, 193 [1985]).

In the area of land use, "[a] final decision exists when a development plan has been submitted, considered and rejected by the governmental entity with the power to implement zoning regulations" (*S&R Dev. Estates, LLC v Bass*, 588 F Supp 2d 452, 461 [SD NY 2008]; *see Waterways Dev. Corp. v Lavalle*, 28 AD3d 539, 540-541 [2006]; *Goldfine v Kelly*, 80 F Supp 2d 153, 159 [SD NY 2000]). The finality rule, however, is not "mechanically applied" (*Murphy v New Milford Zoning Commn.*, 402

F3d 342, 349 [2d Cir 2005]). In this regard, "[a] property owner, for example, will be excused from obtaining a final decision if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile. That is, a property owner need not pursue such applications when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied" (*id.* at 349; *see Matter of Counties of Warren & Washington, Indus. Dev. Agency v Village of Hudson Falls Bd. of Health*, 168 AD2d 847, 848 [1990]; *Sherman v Town of Chester*, 752 F3d 554, 561 [2d Cir 2014]; *Southview Assoc., Ltd. v Bongartz*, 980 F2d 84, 98 [2d Cir 1992]; *Catcove Corp. v Heaney*, 685 F Supp 2d 328, 333 [ED NY 2010]). Additionally, an exception to the finality requirement exists where the municipal entity uses "repetitive and unfair procedures in order to avoid a final decision" (*Sherman v Town of Chester*, 752 F3d at 561; *see Palazzolo v Rhode Island*, 533 US 606, 621 [2001]).

Here, the appellants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the fifth through eighth causes of action on the ground that they were not ripe for judicial review by demonstrating that the Planning Board had not made a final decision on East End's application. In opposition, East End raised a triable issue of fact as to whether the appellants would continue to use repetitive and unfair procedures so as to avoid making a final decision on the application (*see Matter of Counties of Warren & Washington, Indus. Dev. Agency v Village of Hudson Falls Bd. of Health*, 168 AD2d at 848; *Sherman v Town of Chester*, 752 F3d at 562-563; *Del Monte Dunes at Monterey, Ltd. v City of Monterey*, 920 F2d 1496, 1506 [9th Cir 1990]; *Catcove Corp. v Patrick Heaney*, 685 F Supp 2d at 333). Since this was the only ground the appellants raised for dismissing the sixth cause of action, which alleged a violation of East End's right to equal protection under the United States Constitution, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the sixth cause of action.

The Supreme Court, however, should have granted that branch of the appellants' motion which was for summary judgment dismissing the fifth and seventh causes of action for another reason. In those causes of action, East End alleged that it had a cognizable property interest in the approval of the application that was injured in violation of its right to due process under both the United States and New York State Constitutions. However, as the Planning Board has significant discretion in reviewing site plan applications (*see* Southold

Town Code § 280-129), East End does not have a cognizable property interest in the approval of a particular site plan application (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 629-630 [2004]; *Orange Lake Assoc., Inc. v Kirkpatrick*, 21 F3d 1214, 1224-1225 [2d Cir 1994]; *Gagliardi v Village of Pawling*, 18 F3d 188, 192-193 [2d Cir 1994]; *RRI Realty Corp. v Incorporated Vil. of Southampton*, 870 F2d 911, 918-919 [2d Cir 1989]). Consequently, the appellants established their prima facie entitlement to judgment as a matter of law dismissing the fifth and seventh causes of action on the ground that East End did not have a cognizable property interest in the approval of the application. In opposition, East End failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Additionally, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the eighth cause of action, which alleged a violation of East End's right to equal protection under the New York State Constitution. The appellants demonstrated that East End failed to serve a timely notice of claim upon them, which is a condition precedent to the assertion of this claim (*see* General Municipal Law § 50-i). In opposition, East End failed to raise a triable issue of fact. Its contention that the verified complaint/petition was the functional equivalent of a notice of claim is without merit (*see Varsity Tr., Inc. v Board of Educ. of City of N.Y.*, 5 NY3d 532, 536 [2005]; *Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 61 [1984]; *Davis v City of New York*, 250 AD2d 368, 369-370 [1998]).

The Supreme Court also should have granted that branch of the appellants' motion which was for summary judgment dismissing the third cause of action on the ground that it had been rendered academic. That cause of action sought relief pursuant to CPLR article 78 in the nature of mandamus to compel the Planning Board to conduct a public hearing on the application pursuant to Town Law § 274-a (8). The appellants made a prima facie showing of their entitlement to judgment as a matter of law dismissing that cause of action by demonstrating that the Planning Board had conducted a public hearing on the application, thereby rendering that cause of action academic (*see Matter of Pordum v Nyquist*, 42 NY2d 958, 958-959 [1977]; *Matter of Newton v Police Dept. of City of N.Y.*, 183 AD2d 621, 621 [1992]). East End failed to raise a triable issue of fact, as it did not address this branch of the appellants' motion in its papers filed in opposition to the motion (*see Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146 [2011]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 978 [2006]).

In light of our determination, we need not address the parties' remaining contentions. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.