Ewa Loskot-D'Souza et al., Respondents, v Town of Babylon, Appellant. [26 NYS3d 577]—

In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for alleged violations of constitutional rights to due process and equal protection, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated June 18, 2013, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is granted.

The plaintiffs purchased a property within the Town of Babylon in December 2007 with the intended purpose of operating a facility providing care and counseling services to recovering drug users, alcohol users, and others. They commenced this

action alleging that the Town violated their right to due process and equal protection by, inter alia, impeding them from utilizing the property for this intended purpose. The Town moved pursuant to CPLR 3211 (a) to dismiss the complaint, arguing that the controversy was not justiciable since the plaintiffs never submitted a complete application for a building permit, a special use permit, or any other type of permit or approval, and since the Town never reached any final decision with respect to any such land use application. The Supreme Court denied the Town's motion to dismiss, and the Town appeals. We reverse.

" 'In the land-use context, 42 USC § 1983 protects against municipal actions that violate a property owner's rights to due process, equal protection of the laws and just compensation for the taking of property under the Fifth and Fourteenth Amendments to the United States Constitution' " (*Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 200 [2009], quoting *Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 626 [2004]; *see Town of Orangetown v Magee*, 88 NY2d 41, 49 [1996]). Such claims, however, are not justiciable until the municipality has " 'arrived at a definitive position on the issue that inflicts an actual, concrete injury' " (*Town of Orangetown v Magee*, 88 NY2d at 50, quoting *Williamson County Regional Planning Comm'n v Hamilton Bank of Johnson City*, 473 US 172, 193 [1985]; *see generally Congregation Rabbinical Coll. of Tartikov, Inc. v Village of Pomona*, 915 F Supp 2d 574, 598 [SD NY 2013]). "This requirement reflects the reluctance of the courts to impose liability upon a municipality unless the liability arises from acts which the municipality has officially sanctioned or ordered" (*Town of Orangetown v Magee*, 88 NY2d at 50 [internal quotation marks omitted]).

Here, after title closed, the plaintiffs submitted a building permit application to the Town's Department of Planning and Development (hereinafter the Planning Department) seeking approval to move forward with certain interior alterations. The Planning Department deemed the building permit application incomplete, informing the plaintiffs that they needed to submit an application for site plan review to the Town's Planning Board regarding a "change of use." In response, the plaintiffs submitted an "architectural site plan," which they urged the Planning Board to accept in lieu of the requested full set of civil drawings. The architectural site plan was not accepted, and the plaintiffs took no further steps to complete an application for a building permit, change of use permit, or any other permit or approval with the Planning Board or the Town's

Board of Zoning Appeals. As such, it cannot be said that a "final decision" was rendered by the Town which is ripe for judicial review (*Town of Orangetown v Magee*, 88 NY2d at 51; *see Montano v City of Watervliet*, 47 AD3d 1106, 1111 [2008]; *Waterways Dev. Corp. v Lavalle*, 28 AD3d 539, 540 [2006]; *see also Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510 [1986]).

Moreover, under the circumstances, accepting the factual allegations in the complaint as true (*see generally Leon v Martinez*, 84 NY2d 83 [1994]), they do not demonstrate that it would have been futile for the plaintiffs to continue the application process (*see Dick's Quarry v Town of Warwick*, 293 AD2d 445 [2002]; *see also Matter of Brunjes v Nocella*, 40 AD3d 1088 [2007]). The allegations about certain statements made by an unnamed representative from the Town's Fire Marshal's Office and by the Commissioner of the Planning Department do not demonstrate that the plaintiffs were unlikely to receive an unbiased review from either the Planning Board or the Board of Zoning Appeals (*see Waterways Dev. Corp. v Lavalle*, 28 AD3d 539 [2006]; *Dick's Quarry v Town of Warwick*, 293 AD2d at 446; *cf. Subdivisions, Inc. v Town of Sullivan*, 86 AD3d 830 [2011]).

In light of this determination, we need not reach the Town's remaining contentions in support of dismissal. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.