■ Thomas J. Ryan et al., Appellants, v Village of Lindenhurst, Inc., et al., Respondents. [57 NYS3d 189]—

In an action, inter alia, to recover damages for trespass, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Asher, J.), dated July 1, 2015, which granted the defendants' motion for leave to reargue their opposition to the plaintiffs' prior motion for leave to enter a default judgment against them and the defendants' prior cross motion for leave to serve a late notice of appearance and demand for complaint, which had been determined in a prior order of the same court dated October 14, 2014, and, upon reargument, vacated the order dated October 14, 2014, and thereupon denied the plaintiffs' motion for leave to enter a default judgment against the defendants and granted the defendants' cross motion for leave to serve a late notice of appearance and demand for complaint.

Ordered that the order dated July 1, 2015, is affirmed, with costs.

The plaintiffs commenced this action on August 15, 2012, by filing a summons with notice, alleging, inter alia, public taking of private property without just compensation, trespass to land and to chattel, harassment, negligent supervision of personnel, intentional infliction of emotional distress, and violations of 42 USC §§ 1983, 1985, and 1988. On December 11, 2012, a process server served eight copies of the summons with notice upon Gaye Bodenschatz, as "Clerk/Aide" of the Village of Lindenhurst, representing service upon the Village and each of the individual defendants, Village officials sued in their individual and official capacities. The individual defendants were served pursuant to CPLR 308 (2) by delivery to a person of suitable age and discretion and by mailing a copy of the summons with notice to each of them.

The Village forwarded the summons with notice to its insurance carrier, which purportedly emailed a letter disclaiming coverage to the Village's attorney. However, the Village's attorney denied ever receiving the email.

By notice of motion dated December 27, 2013, the plaintiffs moved for leave to enter a default judgment against the defendants upon their failure to appear or demand a complaint. The defendants cross-moved for leave to serve a late notice of appearance and demand for complaint, arguing, among other things, that service upon the Village was improper because, pursuant to CPLR 311 (a) (6), process may be served upon a village by delivery to the mayor, village clerk, or any trustee,

and Bodenshatz was the Village's purchasing agent. Douglas Madlon, Deputy Village Clerk, submitted an affidavit in which he asserted, as a meritorious defense, that the Village obtained the plaintiffs' consent to perform work on the plaintiffs' property before it began the work. The defendants also asserted qualified immunity as a defense.

In an order dated October 14, 2014, the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against the defendants and denied the defendants' cross motion. The court concluded that, although the "office failure" in dealing with the insurance carrier provided a reasonable excuse for the default, the "[b]old allegations by the deputy village clerk" were insufficient to establish a potentially meritorious defense.

The Village moved for leave to reargue on the ground that the Supreme Court misapprehended the existence of meritorious defenses, including improper service of process, qualified immunity, and consent. In the order appealed from, the court granted leave to reargue, and, upon reargument, vacated the order dated October 14, 2014, denied the plaintiffs' motion for leave to enter a default judgment, and granted the defendants' cross motion for leave to serve a late notice of appearance and demand for complaint. The court found that there was a reasonable excuse for the default due to law office failure, and potentially meritorious defenses based upon consent and improper service of process upon the Village. The plaintiffs appeal.

CPLR 311 (a) (6) states that "[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: . . . upon a village, to the mayor, clerk, or any trustee." The Village's attorney and Madlon, Deputy Village Clerk, stated, based upon personal knowledge, that Bodenschatz, the person served, was the Village's purchasing agent. The plaintiffs argue that the fact that Bodenschatz was the Village's purchasing agent did not mean that she was not a mayor, clerk, or trustee. However, at the time of service of process, Thomas A. Brennan was identified by the plaintiffs as the Mayor, Shawn Cullinane was identified as Village Clerk, Madlon was identified as Deputy Village Clerk, and other named parties were identified as Village Trustees. Bodenschatz was not among them. Service upon a village by leaving papers with a person other than a mayor, clerk, or trustee is insufficient (see Matter of Reese v Village of Great Neck Plaza, 154 AD2d 683 [1989]).

Since the Village was not properly served, it had no obliga-

tion to appear in the action, or to present evidence of a potentially meritorious defense (see *Prudence v Wright*, 94 AD3d 1073 [2012]).

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.