Matter of Cornwall Commons, LLC v Town of Cornwall (2018 NY Slip Op 05305)





Matter of Cornwall Commons, LLC v Town of Cornwall


2018 NY Slip Op 05305


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-11635
2016-00989
 (Index No. 8364/14)

[*1]In the Matter of Cornwall Commons, LLC, appellant,
v
Town of Cornwall, et al., respondents.


Zarin & Steinmetz, White Plains, NY (Michael D. Zarin and Brad K. Schwartz of counsel), for appellant.
Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from (1) a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), dated August 14, 2015, and (2) and order of the same court dated December 8, 2015. The judgment, insofar as appealed from, upon an order dated June 1, 2015, granting the respondents/defendants' motion for summary judgment, is in favor of the respondents/defendants and against the plaintiff/petitioner dismissing the first, third, and fifth causes of action, and, with respect to the second cause of action, declaring that "whether or not the provisions of the Town of Cornwall Zoning Code pertaining to the PRD' zone are [ ] inconsistent with the Town's Comprehensive Plan, the court cannot compel the defendants to process the plaintiff's application without delay." The order dated December 8, 2015, insofar as appealed from, upon renewal, adhered to the determination in the order dated June 1, 2015, granting that branch of the respondents/defendants' motion which was for summary judgment dismissing the third cause of action.
ORDERED that the appeal from so much of the judgment as is in favor of the respondents/defendants and against the plaintiff/petitioner dismissing the third cause of action is dismissed, as that portion of the judgment was superseded by the order dated December 8, 2015, made upon renewal; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated December 8, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents/defendants.
The petitioner/plaintiff is the owner of an 197-acre tract of land in the Town of Cornwall, and originally sought to develop the property into a mixed residential and commercial facility 100% restricted to residents aged 55 years old and older. At the petitioner/plaintiff's request, the Town enacted section 158-21(x) of the Town's Zoning Code, which created a "PRD" district to permit the development of the property with 100% of the residential units age restricted. After market conditions changed, however, the petitioner/plaintiff applied to rezone the PRD district so as to permit 65% of the residential units to be non-age restricted. The petitioner/plaintiff subsequently commenced the instant hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief. The first cause of action sought to compel the Town's Town Board (hereinafter the Town Board) to process the rezoning application diligently, in good faith, and without delay. The second cause of action sought a judgment declaring that section 158-21(x) of the Town's Zoning Code was not in conformance with the Town's Comprehensive Plan, and therefore compelling the Town Board to process the rezoning application diligently, in good faith, and without delay. The third cause of action sought to recover damages for an unconstitutional taking of the petitioner/plaintiff's property. The fifth cause of action sought to review a resolution adopted by the Town Board declining to act as lead agency to review the rezoning application.
In an order dated June 1, 2015, the Supreme Court, inter alia, granted the respondents/defendants' motion for summary judgment dismissing the first, third, and fifth causes of action, and, with respect to the second cause of action, declaring that "whether or not the provisions of the Town of Cornwall Zoning Code pertaining to the PRD' zone are [ ] inconsistent with the Town's Comprehensive Plan, the court cannot compel the defendants to process the plaintiff's application without delay." A judgment dated August 14, 2015, was entered on that order. In an order dated December 8, 2015, the court, inter alia, upon renewal, adhered to the determination in the order dated June 1, 2015, granting that branch of the respondents/defendants' motion which was for summary judgment dismissing the third cause of action. The petitioner/plaintiff appeals from the judgment and the order dated December 8, 2015.
We agree with the Supreme Court's determination granting that branch of the respondents/defendants' motion which was for summary judgment dismissing the first cause of action, to compel the Town Board to process the petitioner/plaintiff's rezoning application diligently, in good faith, and without delay. The Town Board is not required to consider and vote on every application for a zoning change (see Matter of Structural Tech., Inc. v Foley, 56 AD3d 677; Matter of Wolff v Town/Village of Harrison, 30 AD3d 432). In any event, the respondents/defendants submitted evidence establishing, prima facie, that the Town Board was processing the petitioner/plaintiff's rezoning application diligently, in good faith, and without delay. In opposition, the petitioner/plaintiff failed to raise a triable issue of fact. The petitioner/plaintiff also failed to proffer evidence that any of the steps taken by the Town Board in considering the rezoning application did not serve a legitimate purpose (see Matter of Penale v County of Niagara, 170 AD2d 965).
We also agree with the Supreme Court's determination granting that branch of the respondents/defendants' motion which was for summary judgment on the second cause of action, [*2]seeking a declaration that section 158-21(x) of the Town's Zoning Code was not in conformance with the Town's Comprehensive Plan, and therefore compelling the Town Board to process the rezoning application diligently, in good faith, and without delay. Zoning amendments which do not conform with a comprehensive plan are invalid (see Udell v Haas, 21 NY2d 463, 469; Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 87-88; Osiecki v Town of Huntington, 170 AD2d 490, 492). However, the respondents/defendants established that the Town Board was not compelled to adopt the particular zoning amendment sought by the petitioners/plaintiffs. In opposition, the petitioner/plaintiff failed to rebut such showing or to raise a triable issue of fact as to whether the proposed amendment was necessary in order to bring section 158-21(x) of the Town's Zoning Code into conformance with the Town's Comprehensive Plan.
In addition, we agree with the Supreme Court's determination granting that branch of the respondents/defendants' motion which was for summary judgment dismissing the fifth cause of action, which was pursuant to CPLR article 78 to review a resolution adopted by the Town Board declining to act as lead agency to review the rezoning application. Since this aspect of the matter is brought pursuant to CPLR article 78, the court may only annul the resolution of the Town Board declining to act as lead agency if it is not rational, i.e., it is arbitrary and capricious, or unsupported by substantial evidence (see Matter of Environmental Defense Fund v Flacke, 96 AD2d 862). The respondents/defendants established that, under the circumstances of this case, the Town Board had valid reasons for deciding that the Town's Planning Board (hereinafter the Planning Board) was best-suited to act as lead agency to review the rezoning application. The Planning Board is an involved agency because it is responsible for granting a special use permit, subdivision approval, and site plan approval for the proposed development. While the Town Board is also an involved agency, as it determined whether the zoning should be amended, the Planning Board served as lead agency in connection with the petitioner/plaintiff's successful original application to develop the property as 100% age-restricted, and again in connection with a subsequent and later withdrawn proposal to develop the property as 78% non-age restricted. The Town Board was aware of this history, and that the Planning Board had expressed interest in serving as the lead agency for the petitioner/plaintiff's present proposal to develop the property as 65% non-age restricted. In opposition, the petitioner/plaintiff failed to raise an issue of fact as to whether the delegation of lead agency authority to the Planning Board was irrational or unsupported by substantial evidence (see Matter of Congdon v Washington County, 130 AD2d 27; Matter of Environmental Defense Fund v Flacke, 96 AD2d 862).
We agree with the Supreme Court's determination upon renewal to adhere to its original determination granting that branch of the respondents/defendants' motion which was for summary judgment dismissing the third cause of action, which sought to recover damages for an unconstitutional taking of the petitioner/plaintiff's property. The respondents/defendants established that the issue raised in the third cause of action was not ripe for judicial review, as no final determination has been rendered on the petitioner/plaintiff's rezoning application. In opposition, the petitioner/plaintiff failed to raise an issue of fact, including as to the applicability of the futility exception (see Matter of Ranco Sand & Stone Corp. v Vecchio, 27 NY3d 92; East End Resources, LLC v Town of Southold Planning Bd., 135 AD3d 899). Under this exception, a property owner will be excused from obtaining a final decision if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile (see East End Resources, LLC v Town of Southold Planning Bd., 135 AD3d 899). Here, the petitioner/plaintiff failed to demonstrate that the Town Board or Planning Board had "dug in its heels" and made clear that the rezoning application would be denied or that the Town Board or Planning Board used repetitive and unfair procedures in order to avoid a final [*3]decision (East End Resources, LLC v Town of Southold Planning Bd., 135 AD3d at 901 [internal quotation marks omitted]). The petitioner/plaintiff's unsupported beliefs do not satisfy its heavy burden of proof (see Dick's Quarry v Town of Warwick, 293 AD2d 445).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court