Kennedy v Suffolk County (2022 NY Slip Op 07226)

Kennedy v Suffolk County

2022 NY Slip Op 07226

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-00415
 (Index No. 604808/18)

[*1]John M. Kennedy, Jr., etc., respondent,
v
Suffolk County, et al., appellants.

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Daniel J. Evers of counsel), for appellants.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Peter A. Bee and Jason Greenfield of counsel), for respondent.

DECISION & ORDER
In an action for declaratory relief, the defendants appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 9, 2020. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint, and denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is denied, and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint is granted.
Relevant facts underlying this appeal are set forth in a related appeal (see Matter of County of Suffolk v Kennedy, ____ AD3d ____ [decided herewith]).
On or about January 25, 2018, the defendant Suffolk County Department of Parks, Recreation, and Conservation (hereinafter DOP) issued a request for proposals for a licensee to renovate, operate, and manage a food service and related activities concession at certain parks in the defendant Suffolk County (hereinafter the parks RFP). On or about February 20, 2018, the plaintiff, John M. Kennedy, Jr., in his official capacity as the Suffolk County Comptroller, sent an audit engagement letter to DOP, informing it that he intended to initiate an audit of the parks RFP. DOP disputed the plaintiff's authority to conduct the audit, and ultimately retained outside counsel. On or about March 1, 2018, the plaintiff sent a subpoena to the defendant Philip A. Berdolt, in his official capacity as the Commissioner of DOP, for documents related to the parks RFP.
Thereafter, the plaintiff commenced this action for declaratory relief. The first cause of action sought a judgment declaring, in effect, that the plaintiff had the authority to conduct a performance audit of the parks RFP. The second cause of action sought a judgment declaring, in effect, that the plaintiff had the authority to conduct prospective performance audits of RFPs issued by the County and any County department.
On or about March 21, 2018, the parties entered into a so-ordered stipulation, which provided, inter alia, that DOP would provide the plaintiff with "copies of all documents previously [*2]identified in the [s]ubpoena . . . and all other documents related to the RFP [p]rocess," and that "[u]pon receiving all of the documentation," the plaintiff would withdraw the subpoena. On or about April 9, 2019, the plaintiff moved for summary judgment on the complaint. The defendants opposed the motion, and cross-moved, inter alia, for summary judgment dismissing the complaint. By order dated January 9, 2020, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
"The Supreme Court 'may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed'" (Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d 840, 841, quoting CPLR 3001). "To constitute a 'justiciable controversy,' there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (Chanos v MADAC, LLC, 74 AD3d 1007, 1008; see New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531-532; Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d at 841-842). It is axiomatic that "[c]ourts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries" (Coleman v Daines, 19 NY3d 1087, 1090).
Thus, pursuant to the mootness doctrine, courts are precluded "from considering questions which, although once live, have become moot by passage of time or change in circumstances" (City of New York v Maul, 14 NY3d 499, 507 [internal quotation marks omitted]; see Coleman v Daines, 19 NY3d at 1090). By contrast, if an "anticipated harm is insignificant, remote or contingent the controversy is not ripe" for judicial review (Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 520 [citation omitted]). "To determine whether a matter is ripe for judicial review, it is necessary first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied" (East End Resources, LLC v Town of Southold Planning Bd., 135 AD3d 899, 900 [internal quotation marks omitted]; see generally Church of St. Paul & St. Andrew v Barwick, 67 NY2d at 519-520).
Here, the first cause of action was resolved by the parties' so-ordered stipulation. Accordingly, that cause of action was rendered academic pursuant to the mootness doctrine (cf. Mid-Island Mtge. Corp. v Drapal, 175 AD3d 1289, 1290). Furthermore, the second cause of action relied on speculation about what the County and its various departments might do in response to future audits, and therefore the contemplated harm was both remote and contingent and the controversy was not ripe for judicial review (see Matter of Hargraves v City of Rye Zoning Bd. of Appeals, 162 AD3d 1022, 1025; cf. Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn., 71 AD3d 679, 681).
Accordingly, since the complaint did not contain a justiciable controversy upon which a declaratory judgment could be made, the Supreme Court erred in granting the plaintiff's motion for summary judgment on the complaint and in denying that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.
In light of the foregoing, we need not reach the parties' remaining contentions.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court