Matter of Buenos Hill, Inc. v City of Saratoga Springs (2024 NY Slip Op 00111)

Matter of Buenos Hill, Inc. v City of Saratoga Springs

2024 NY Slip Op 00111

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

CV-22-2128
[*1]In the Matter of Buenos Hill, Inc., et al., Appellants,
v
City of Saratoga Springs et al., Respondents.

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

Law Office of William R. DiCenzo, Jackson Heights (William R. DiCenzo of counsel), for appellants.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah Everhart of counsel), for City of Saratoga Springs and others, respondents.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Karla Williams Buettner of counsel), for County of Saratoga and others, respondents.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for New York State Department of Transportation and others, respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered November 1, 2022 in Saratoga County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint and for summary judgment dismissing the petition/complaint.
Petitioners, who own property in respondent City of Saratoga Springs, Saratoga County, applied to the city planning board for a special use permit, intending to renovate the property and use it for automobile sales, rentals and repairs. The permit application was referred to the planning board of respondent County of Saratoga, which issued a letter indicating that the project would have no significant countywide impact. In a section for comments, the county planning board stated its belief that petitioners had met all criteria for a special use permit but recommended that the city planning board conduct a minor site plan review and consider the project's impacts on pedestrians. Petitioners subsequently submitted a site plan review application to the city planning board, which application was also referred to the county planning board. That agency again set forth in a letter its position that the site plan would have no significant countywide impact but, in the comments section, noted that written approval of the site plan by respondent New York State Department of Transportation (hereinafter DOT) was warranted as it appeared that a newly-constructed fence along the property's frontage was encroaching on the state's right-of-way. Subsequently, DOT wrote to petitioners to inform them that because their fence had been constructed in the right-of-way without a work permit, it was unauthorized and had to be removed. Shortly thereafter, the city planning board denied petitioners' special use permit application based upon petitioners' failure to incorporate a sidewalk into their site plan or otherwise provide streetscape amenities to enhance pedestrian activity.
By order to show cause, petitioners commenced the instant combined CPLR article 78 proceeding and action for declaratory judgment, alleging, among other things, violations of their constitutional rights to due process and equal protection. The city and respondents Susan Barden, Albert Flick, Bradley Birge, Mark Torpey, Sara Boivin, Ruth Horton, Todd Fabozzi, Patrick Cogan and Meg Kelly (hereinafter collectively referred to as the city respondents) moved for dismissal of the petition and/or for summary judgment. After filing an answer, the county and respondents Jason Kemper, Michael Valentine and Tom Lewis (hereinafter collectively referred to as the county respondents) moved for summary judgment. Finally, DOT and respondents Michael Keegan and Paul Korowajczyk (hereinafter collectively referred to as the state respondents) moved to dismiss the petition. Supreme Court granted all three motions and dismissed the petition in its entirety, prompting this appeal by petitioners[*2].
Initially, with respect to the city respondents, we agree with Supreme Court that dismissal of the petition was required based upon lack of personal jurisdiction resulting from improper service, albeit for a different rationale than that relied upon by the court. As for petitioners' attempt to serve the city itself, service of process upon a city must be effectuated by personal delivery upon "the mayor, comptroller, treasurer, counsel or clerk" (CPLR 311 [a] [3]). It is undisputed that none of the individuals listed in the statute was personally served. Rather, petitioners' affidavit of service indicates that Kerry Huyben, an alleged employee of the city clerk's office, was the individual served. Even setting aside the fact that, according to a sworn affidavit from Huyben, she has never worked for the city clerk nor held herself out as such,[FN1] service upon an employee of the city clerk, or an employee of any of the individuals named in the statute, is ineffective. This is so "because the statute requires personal delivery to a listed representative of the [city] and does not provide for substituted service" (Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1355 [3d Dept 2013]; see Ryan v Village of Lindenhurst, Inc., 151 AD3d 898, 899 [2d Dept 2017]; Matter of Professional Fire Fighters Assn., Local 274 [Bridgham-City of White Plains], 187 AD2d 433, 433 [2d Dept 1992]; Matter of Reese v Village of Great Neck Plaza, 154 AD2d 683, 683 [2d Dept 1989]). Further, "it is irrelevant that the [city] may have actually received the documents, because notice received by means other than those authorized by statute does not bring a [respondent] within the jurisdiction of the court" (Pierce v Village of Horseheads Police Dept., 107 AD3d at 1355 [internal quotation marks, brackets and citations omitted]).
To the extent that the order to show cause could be interpreted as authorizing service upon individuals other than those specifically listed in the statute, insofar as it allowed "personal service upon the offices of the City of Saratoga Springs City Clerk or City Attorney" (emphasis added), this was improper. " 'The courts of this State have consistently required strict compliance with the statutory procedures for the institution of claims against the State and its governmental subdivisions, and where the Legislature has designated a particular public officer for the receipt of service of process, the courts are without authority to substitute another' " (Matter of CL & F Dev., LLC v Jaros, 57 AD3d 1468, 1469 [4th Dept 2008], quoting Matter of Franz v Board of Educ. of Elwood Union Free School Dist., 112 AD2d 934, 934-935 [2d Dept 1985] [brackets omitted], lv denied 67 NY2d 603 [1986]; see Matter of Puchalski v Depew Union Free Sch. Dist., 119 AD3d 1435, 1438-1439 [4th Dept 2014]).[FN2]
For a similar reason, personal jurisdiction was not acquired over any of the remaining city respondents, all of whom are individuals. The provision of the order to [*3]show cause allowing service upon them all simply by serving the offices of the city clerk or city attorney was impermissible. With certain exceptions not applicable here (see e.g. CPLR 307 [2]; 309, 310, 311, 312-a), a natural person must be served by the methods prescribed in CPLR 308. Court-ordered service upon an individual by other means requires a showing that the ordinary methods are impracticable (see CPLR 308 [5]), which petitioners did not even allege, let alone demonstrate. "[W]ithout such a showing, fundamentally, a court is without power to direct expedient service" (David v Total Identity Corp., 50 AD3d 1484, 1485 [4th Dept 2008] [internal quotation marks, brackets and citation omitted]; see Oglesby v Barragan, 135 AD3d 1215, 1216 [3d Dept 2016]).
Turning to the county respondents, they were properly awarded summary judgment dismissing the petition as against them. Petitioners brought claims against the county under 42 USC § 1983, alleging equal protection and due process violations. "Such claims . . . are not justiciable until the [county] has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (Loskot-D'Souza v Town of Babylon, 137 AD3d 751, 752 [2d Dept 2016] [internal quotation marks and citations omitted]). Specifically, petitioners sought to challenge the county planning board's issuance of two letters which, as noted above, found no countywide impacts to petitioners' proposed special use permit and site plan, but made certain recommendations to the city planning board. These letters were merely advisory in nature (see General Municipal Law § 239-m [4]; Matter of Headriver, LLC v Town Bd. of Town of Riverhead, 2 NY3d 766, 768 [2004]) and the city planning board was free to accept or reject them. Such recommendations "are preliminary or nonfinal steps in the decision-making process and[,] therefore, are not ripe for judicial review" (Ogden Citizens for Responsible Land Use v Planning Bd. of Town of Ogden, 224 AD2d 921, 921 [4th Dept 1996]; see Loskot-D'Souza v Town of Babylon, 137 AD3d at 752-753; Montano v City of Watervliet, 47 AD3d 1106, 1111 [3d Dept 2008]; Matter of Rickett v Hackbarth, 98 Misc 2d 790, 800 [Sup Ct, Onondaga County 1979], mod sub nom. H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222 [4th Dept 1979]).
Finally, the petition was properly dismissed as against the state respondents for failure to state a cause of action. Petitioners brought a single cause of action against the state respondents for malicious prosecution and/or selective enforcement. Fatal to their claim of malicious prosecution, there was no allegation in the petition that the state respondents ever commenced a civil or criminal action against petitioners (see Pirro v Board of Trustees of the Vil. of Groton, 203 AD3d 1263, 1264-1265 [3d Dept 2022]; Best v State of New York, 92 AD3d 1162, 1163-1164 [3d Dept 2012], lv denied 19 NY3d 811 [2012], cert denied 586 US 1131 [2013]).
As for the claim of selective [*4]enforcement, "[t]o establish a claim for a violation of equal protection in the context of selective enforcement, a [petitioner] must demonstrate that (1) he or she, compared with others similarly situated, was selectively treated, and (2) such selective enforcement was based upon impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure him or her" (Pirro v Board of Trustees of the Vil. of Groton, 203 AD3d at 1268-1269 [internal quotation marks and citation omitted]). The petition is deficient relative to the first element. Petitioners assert that DOT, in requiring them to remove a fence that was purportedly in the state's right-of-way for lack of a work permit, was effectively imposing upon them a permit requirement, whereas three other businesses in the vicinity were not obligated to obtain such permits. However, the petition fails to allege how petitioners are similarly situated to the three businesses referenced, as opposed to nine other projects that, as conceded in the petition, were subject to a work permit requirement (see Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 846-847 [2d Dept 2023], appeal dismissed 39 NY3d 1116 [2023], lv denied 40 NY3d 907 [2023]; Matter of Givens v City of New York, 177 AD3d 532, 533 [1st Dept 2019], lv denied 35 NY3d 903 [2020]).
In light of our rulings herein, we need not address the alternative grounds for affirmance raised by respondents. Petitioners' remaining contentions, to the extent not expressly addressed, have been considered and determined to be without merit.
Egan Jr., J.P., Clark, Aarons and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Huyben affirms that she is the executive assistant to the mayor.

Footnote 2: Notably, the order to show cause was both overinclusive, by allowing individuals other than those specifically named in the statute to be served, and underinclusive, by excluding individuals — the mayor, comptroller and treasurer — who could have been served (see CPLR 311 [a] [3]).